JB4 AIR, LLC, Plaintiff-Appellee, v. THE DEPARTMENT OF REVENUE, Defendant-Appellant.

Second District   No. 2—07—1254

Opinion filed March 10, 2009.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Evan Siegel, Assistant Attorney General, of counsel), for appellant.

William J. Serritella, Jr., Lisa J. Brodsky, and Amy M. Rapoport, all of Aronberg, Goldgehn, Davis & Garmisa, of Chicago, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, the Department of Revenue (Department), appeals the circuit court's reversal of the Department's decision that denied a tax exemption pursuant to the Use Tax Act (35 ILCS 105/1 *et seq.* (West 2006)) for an airplane owned by plaintiff, JB4 Air, LLC. The Department argues that its administrative law judge correctly determined that, under the plain language of section 3—70 of the Use Tax Act, the exemption applies only to individuals and not to limited liability companies or other entities. JB4 argues that it was substantively an individual because John Bell was its only member and the only person who used the airplane and that therefore it qualified for the exemption. We agree with the Department and reverse the judgment entered by the circuit court.

The parties stipulated to the following facts. JB4 was a limited liability company organized under Delaware law and had never applied to transact business in Illinois. Bell was the sole member of JB4. On April 4, 2000, JB4 negotiated to purchase a 1980 Cessna from Midwest Aviation, Inc., for $350,000. On that date, Bell was a resident of Wisconsin. Prior to the purchase, the aircraft was delivered to Bell in Kentucky and then flown to Illinois for a maintenance inspection. After the inspection, Bell flew the plane to Wisconsin, where the purchase was completed on May 6, 2000.

Between May 2000 and April 2001, the airplane was hangared in Wisconsin and regularly flown in and out of Timmerman Airport in Milwaukee. In April 2001, Bell established his primary residence in Illinois, and the airplane was relocated to Du Page Airport. Since then, the airplane has been hangared and flown in and out of Du Page Airport. For purposes of the Use Tax Act, the value of the aircraft as of April 2001 was $290,500. At all times, the airplane was used solely by Bell for his personal use and enjoyment. JB4 has never engaged in business as a commercial carrier for hire or other commercial air service activities or any other trade or business. Finally, no taxes respecting the sale or use of the airplane have been assessed or collected in any jurisdiction other than Illinois.

On September 27, 2005, the Department assessed JB4 $28,181.50 in use taxes, penalties, and interest. JB4 filed its complaint for administrative review of the Department's tax assessment, alleging that it was exempt pursuant to section 3—70 of the Use Tax Act. On January 22, 2007, the Department approved the decision of the administrative law judge (ALJ). Upon the parties' stipulation of facts and the briefs, the ALJ determined that JB4 owed use taxes on its relocation of the airplane to Illinois.

■ The ALJ's written decision explained that section 3—70 of the Use Tax Act provided:

"Property acquired by nonresident. The tax imposed by this Act does not apply to the use, in this State, of tangible personal property that is acquired outside this State by a nonresident individual who then brings the property to this State for use here and who has used the property outside of this State for at least 3 months before bringing the property to this State.

Where a business that is not operated in Illinois, but is operated in another State, is moved to Illinois or opens an office, plant, or other business facility in Illinois, that business shall not be taxed on its use, in Illinois, of used tangible personal property, other than items of tangible personal property that must be titled or registered with the State of Illinois or whose registration with the United States Government must be filed with the State of Illinois, that the business bought outside of Illinois and used outside Illinois in the operation of the business for at least 3 months before moving the used property to Illinois for use in this State." 35 ILCS 105/3—70 (West 2006).

The ALJ determined that the principal issue was whether a single-member limited liability company, although not itself a private individual, qualified for the exemption in section 3—70. Using traditional rules of statutory construction, including that tax exemptions are to be strictly construed in favor of taxation, the ALJ determined that "individual" had a plain and well-understood meaning that did not include entities, such as a limited liability company. It rejected JB4's contention that there was a distinction between section 3—70's use of "individual" and the use of "natural individual" in the definition of "person" in section 2 of the Use Tax Act (35 ILCS 105/2 (West 2006)). The ALJ also rejected JB4's argument that a "substance over form" analysis should be applied. Under a "substance over form" analysis, JB4 would be exempt from use taxes because Bell was the substantive owner of the airplane.

On August 17, 2007, JB4 filed for judicial review of the administrative decision. On November 8, 2007, the trial court reversed the ALJ's decision, siding with JB4's argument that the substantive owner of the airplane was Bell. The Department timely appealed, arguing that the ALJ was correct in finding that JB4 failed to prove that it was entitled to the use tax exemption provided for individuals.

This court reviews the decision of the administrative agency, not the decision of the trial court. *Lombard Public Facilities Corp. v. Department of Revenue*, 378 Ill. App. 3d 921, 927 (2008). The standard of review that applies to an administrative agency's decision depends on whether the question presented on appeal is one of fact, law, or both. *Lombard*, 378 Ill. App. 3d at 927. Questions of fact are reviewed using the manifest weight of the evidence standard, and questions of

law are reviewed *de novo. Lombard*, 378 Ill. App. 3d at 928. When the issue presented contains mixed questions of law and fact, we review whether the decision was clearly erroneous. *Lombard*, 378 Ill. App. 3d at 928. The clearly-erroneous standard applies instead of a bifurcated standard in order to give deference to the agency's experience and expertise in interpreting its own statutes. *Lombard*, 378 Ill. App. 3d at 928. A mixed question of law and fact is whether the facts satisfy a statutory standard or whether the rule of law, as applied to the facts, is violated. *Lombard*, 378 Ill. App. 3d at 928. A decision is clearly erroneous when there is evidence supporting reversal and the reviewing court is " 'left with the definite and firm conviction that a mistake has been committed.' " *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 393 (2001), quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 92 L. Ed. 746, 766, 68 S. Ct. 525, 542 (1948).

■ In this case, the parties stipulated to the facts, and therefore, there are no questions of fact presented for our review. The main question on appeal is whether the word "individual" in section 3—70 of the Use Tax Act encompasses limited liability companies, which is a question of law. We review this question *de novo*. See *Lombard*, 378 Ill. App. 3d at 928; *Du Page County Airport Authority v. Department of Revenue*, 358 Ill. App. 3d 476, 482 (2005) (applying *de novo* review to statutory interpretation questions). We review the agency's ultimate conclusion (applying section 3—70 to the facts), that JB4 did not qualify for the section 3—70 exemption for individuals, using the clearly-erroneous standard of review. *Lombard*, 378 Ill. App. 3d at 928.

We begin by examining the meaning of "individual" in section 3—70 of the Use Tax Act. The statute itself does not define "individual" but defines "person" as "any natural individual, firm, partnership, association, joint stock company, joint adventure, public or private corporation, limited liability company, or a receiver, executor, trustee, guardian or other representative appointed by order of any court." 35 ILCS 105/2 (West 2006).

The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Abruzzo v. City of Park Ridge*, 231 Ill. 2d 324, 332 (2008). "The best indication of the legislature's intent is the statutory language given its plain and ordinary meaning." *Abruzzo*, 231 Ill. 2d at 332. When the language of a statute is clear and unambiguous, it must be applied without resorting to other aids of construction. *Abruzzo*, 231 Ill. 2d at 332. In determining intent, we may consider the statute in its entirety and its purpose and goals. *Abruzzo*, 231 Ill. 2d at 332. When interpreting tax exemption statutes, we strictly construe the statute in favor of taxation and against exemp-

tion. *Quad Cities Open, Inc. v. City of Silvis*, 208 Ill. 2d 498, 507 (2004). The taxpayer seeking exemption carries the burden of proving entitlement by clear and convincing evidence. *Streeterville Corp. v. Department of Revenue*, 186 Ill. 2d 534, 539-40 (1999).

The noun "individual" is defined by Webster's Third New International Dictionary as:

> "**1** : a single or particular being or thing or group of beings or things: as **a** : a particular being or thing as distinguished from a class, species, or collection *** **b** : a particular person *** **c** : the product of a single fertilization—called also *genetic individual* **d** : all the vegetative progeny of an organism exhibiting alternation of generations *** **2** : an indivisible entity or a totality which cannot be separated into parts without altering the character or significance of these parts **3** *archaic* : SELF, PERSONALITY **4** *logic* **a** : something that cannot have instances *** **b** : something referred to by a proper name ***." Webster's Third New International Dictionary 1152 (1986).

"A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses." *Ready v. United/Goedecke Services, Inc.*, 232 Ill. 2d 369, 377 (2008). Here, the most common definition of "individual," a single being or thing, supports the Department's argument that the exemption applies to human beings and not to business entities, or it supports JB4's claim that "individual" does not solely refer to natural human beings and includes things like business entities. In this case, the dictionary definition itself does not provide help in determining what the legislature intended. See *Ready*, 232 Ill. 2d at 378 (where definition of word has more than one meaning, definition itself provides no help in determining intent of statute). Even so, this does not make the term ambiguous, as we look to the entirety of the statute for assistance in determining whether "individual" was intended to encompass limited liability companies. Words and phrases should not be construed in isolation but must be interpreted in light of the entire statute. *Senese v. Village of Buffalo Grove*, 383 Ill. App. 3d 276, 278 (2008).

We read the Use Tax Act in its entirety and determine that it did not intend for "individual" to include limited liability companies, because it uses the terms separately and distinctly. See 35 ILCS 105/2 (West 2006) (defining "person" to include both "natural individuals" and "limited liability companies"); 35 ILCS 105/2c (West 2006) (in section entitled "Entities organized for educational purposes," limited liability companies are listed separately from other types of organizations); 35 ILCS 105/14 (West 2006) (in section entitled "Violations," "any person" is used separately from a member or agent of a "limited

liability company"). Further, if we were to accept JB4's expansive definition of "individual," we would render the second paragraph of section 3—70 ineffective. Under the doctrine *noscitur a sociis*, the meaning of a questionable word should be determined by the context of associated words or phrases. *Senese*, 383 Ill. App. 3d at 279. Here, the second paragraph of section 3—70 provides an exemption to nonresident "businesses," including an exception to the exemption for property that must be registered with the state or federal government. If a business, such as a limited liability company, were an "individual," then there would be no need for the second paragraph. Because the Use Tax Act refers to individuals and businesses separately, we believe the legislature intended that "individual" assume its most common meaning of a "human being."

Although we need not look beyond the Use Tax Act, we note that our interpretation of "individual" is consistent with other courts' interpretations, including cases involving taxation. Specifically, other courts have similarly determined that "individual" does not include business entities. See *Jove Engineering v. Internal Revenue Service*, 92 F.3d 1539, 1551 (11th Cir. 1996) (concluding that the plain meaning of "individual" does not include corporations in case involving Bankruptcy Code provision); *Vanderwerp v. Plainfield Charter Township*, 278 Mich. App. 624, 631, 752 N.W.2d 479, 484 (2008) (concluding that the plain meaning of "individual" is a single human being and does not include a limited liability company in context of a property tax exemption issue); *Payless Building Center, Inc. v. Wilmoth*, 254 Neb. 998, 1001, 581 N.W.2d 420, 423 (1998) (concluding that "[t]he plain and ordinary meaning of individual is a single human being as contrasted with a social group or institution," when considering whether a trust qualified for a foreclosure exemption); *Appeal of Booker*, 139 N.H. 337, 341, 653 A.2d 1084, 1087 (1995) (concluding that the common and usual meaning of "individual" is a single or particular human being and not a social group or institution, when determining whether a state employee was speaking in his official or individual capacity and was protected by New Hampshire's freedom of speech statute). Moreover, our interpretation is consistent with the statutory construction principle favoring taxation. Thus, we find that the term "individual" is unambiguous as it is used in section 3—70 and that "individual" does not include business entities such as limited liability companies.

Because the term is unambiguous, we need not look beyond the statute for further interpretation. However, we briefly address JB4's primary argument that in reviewing tax cases, the courts have adopted a "substance over form" doctrine, which would require us to look

beyond the limited liability company title to find Bell the substantive owner. We reject this argument, as the cases that JB4 relies upon are inapplicable to the facts of the present case. First, JB4 relies on *Philco Corp. v. Department of Revenue*, 40 Ill. 2d 312 (1968). In *Philco*, a rental equipment company in Missouri leased equipment to the lessees for use in Illinois, and it was assessed use taxes for that equipment. *Philco*, 40 Ill. 2d at 316. The rental company argued that the exemptions, contained in an earlier version of section 3—70, for property that had been used for more than three months before being brought into Illinois violated the equal protection clause of the constitution. *Philco*, 40 Ill. 2d at 325. The supreme court stated that the rental company improperly focused on the form of the business entity involved and that there was:

> "no difference in the application of these provisions to the property of an individual and that of a corporation, nor is there a difference in their application to property used for individual enjoyment and that used for business purposes. The statutory emphasis is upon the fact that the property accompanies its owner and is brought to Illinois by its owner for his use here. Where the owner, whether a business or private individual, remains out of the State, the exemption does not apply." *Philco*, 40 Ill. 2d at 326.

JB4 construes the above-quoted language to mean that the nonresident individual exemption provided in section 3—70 does not depend on the form of the entity that acquires the property. We disagree. The exemption, even at that time, had two separate paragraphs, one dealing with individuals and one dealing with businesses. Both paragraphs of the exemption, like the current version, required that the eligible property be accompanied to Illinois by the owner. The *Philco* court merely explained that the exemption did not violate the equal protection clause because it applied to neither businesses nor private individuals who did not accompany the property to Illinois. The *Philco* court did not hold, as JB4 argues, that "individual" includes a business entity and that the courts must look at the substantive, rather than formal, qualities of ownership. Therefore, we hold *Philco* inapplicable to the case at bar.

JB4 also cites *JI Aviation, Inc. v. Department of Revenue*, 335 Ill. App. 3d 905 (2002), for its "substance over form" argument. In *JI Aviation*, the court addressed whether a use tax exemption applied where JI Aviation purchased an aircraft from Richland, a company that was not in the business of selling aircraft, and where Richland funneled the sale through Nationsbanc, which was an aircraft retailer. *JI Aviation*, 335 Ill. App. 3d at 907-08. If the Department recognized Richland as the seller of the aircraft, JI was entitled to the exemption

for an occasional sale. *JI Aviation*, 335 Ill. App. 3d at 910. The appellate court held that the "substance over form" doctrine applied to determine the economic realities of the transaction. The economic realities, stated another way, meant the true seller and true purchaser. *JI Aviation*, 335 Ill. App. 3d at 919-20; see also *Weber-Stephen Products, Inc. v. Department of Revenue*, 324 Ill. App. 3d 893, 902-03 (2001) (applying "substance over form" to determine true seller and true purchaser where an intermediary was used for the sale of an aircraft).

We find both *JI Aviation* and *Weber-Stephen* inapplicable here. In those cases, the courts faced situations where an intermediary was used in the sales transaction and where sales documents limited the role of the intermediary and identified the role of the intermediary as an agent of the true seller or purchaser. *JI Aviation*, 335 Ill. App. 3d at 920-21; *Weber-Stephen*, 324 Ill. App. 3d at 901-02. The courts in those cases also reviewed whether the entities involved had any liability for transferring good title, whether the entities were required to immediately convey title, whether the entities were able to keep any amount of the purchase price, and whether the entities paid any of the closing costs. *JI Aviation*, 335 Ill. App. 3d at 920-23; *Weber-Stephen*, 324 Ill. App. 3d at 901-03. In the present case, we need not evaluate the substance of the transaction, as the identity of the purchaser was undisputed and there was no intermediary. The parties stipulated that JB4 acquired the airplane for $350,000. There is nothing in the record to indicate that JB4 was used as an intermediary in the transaction or that Bell eventually took title of the property. Whether JB4 had 1 member or 100 members and whether JB4 conducted any business were irrelevant in the determination of whether the exemption for property acquired by a nonresident individual applied, as the exemption unambiguously does not apply to limited liability companies.[1] The *JI Aviation* and *Weber-Stephen* courts used the "substance over form" doctrine to identify the purchasers or sellers in the transactions to determine whether an exemption applied, but neither case used the "substance over form" doctrine to reclassify an entity that purchased or sold the property as JB4 asks us to do now. For the reasons stated, we decline to apply the "substance over form" doctrine so that JB4 may pierce its own limited liability company veil to avoid use taxes.

Finally, we review for clear error the ALJ's application of the law

---

[1]Because airplanes are required to be registered or titled with the government, JB4 would seemingly not qualify for the exemption awarded to businesses in the second paragraph of section 3—70 of the Use Tax Act.

to the facts. The ALJ determined that JB4 was not eligible for the exemption provided for individuals in section 3—70. Based on our determination that a limited liability company is not included in the plain and ordinary meaning of "individual" as used in section 3—70, it was not clear error to assess JB4 use taxes on the airplane.

For the foregoing reasons, we reverse the judgment of the circuit court of Kane County.

Reversed.

O'MALLEY and BURKE, JJ., concur.