VANDERWERP v PLAINFIELD CHARTER TOWNSHIP

Docket No. 273112. Submitted April 8, 2008, at Lansing. Decided April 22, 2008, at 9:00 a.m.

Stewart and Christine A. VanderWerp filed a petition in the Tax Tribunal to challenge a decision by Plainfield Charter Township to rescind their homestead exemption for tax years 2001, 2002, and 2003. In 2000 the petitioners formed a limited liability company (LLC) and they each established a revocable living trust. The Christine A. VanderWerp Trust, with Christine VanderWerp as trustee, was made the sole member of the LLC. The petitioners then executed a quitclaim deed that transferred title of their residence from themselves personally to the LLC. Respondent rescinded the homestead exemption, and assessed additional taxes, for the tax years in question. The petitioners executed a correcting deed in 2004 by which the LLC conveyed title to the Christine A. VanderWerp Trust. The Tax Tribunal issued an opinion and judgment in favor of the respondent, concluding that the petitioners were not entitled to the homestead exemption for the disputed tax years. The petitioners appealed.

The Court of Appeals *held*:

1. The Tax Tribunal did not err in applying the law or adopt a wrong legal principle when it determined that the petitioners were not entitled to the disputed homestead exemption. MCL 211.7cc(1), at the times pertinent to this case, provided that a homestead was exempt from the tax levied by a school district for school operating purposes if the owner of that homestead claimed an exemption. MCL 211.7cc(2) provided that an owner of property could claim an exemption by filing with the local tax collecting unit an affidavit stating that the property was owned and occupied as a homestead by that owner on the date of the affidavit. MCL 211.7dd(b)(*i*) through (*viii*) defined "owner," and MCL 211.7dd(c) provided that "person," for purposes of defining "owner," as used in MCL 211.7cc, meant an individual. The LLC could not be an owner under MCL 211.7dd(b)(*i*) through (*v*) because those provisions referred to "a person" or individual, as opposed to a business organization. The LLC, which was not a cooperative housing corporation or a registered living care facility, could not be an

"owner" as defined by MCL 211.7dd(b)(*vii*) or (*viii*). Finally, the LLC was not a grantor under trust law and could not be an owner under MCL 211.7dd(b)(*vi*).

2. The powers of the Tax Tribunal are limited to those authorized by statute, and it does not have equitable powers. The petitioners cannot invoke equity to argue that the 2004 correction deed should be given retroactive effect.

Affirmed.

*Blakeslee, Fry & Scales, PLC* (by *James F. Scales*), for the petitioners.

*Annis, Visser & Brandt, P.C.* (by *Eric E. Brandt*), for the respondent.

Before: WILDER, P.J., and MURPHY and METER, JJ.

PER CURIAM. Petitioners appeal as of right a judgment of the Michigan Tax Tribunal (MTT) agreeing with the administrative hearing referee's decision that petitioners were not entitled to a homestead exemption under MCL 211.7cc and 211.7dd with respect to a home they occupied for tax years 2001, 2002, and 2003, effectively rescinding the claimed exemption for those years. We affirm.

Petitioners first owned their home at 6866 Blythefield Avenue in Plainfield Charter Township, Michigan (the property), in 1995. In 2000, they executed a comprehensive estate plan, which included the formation of a Michigan limited liability company (LLC), as well as establishing a revocable living trust for each petitoner. On March 28, 2000, Christine VanderWerp signed relevant documents to organize the LLC. She signed these papers in her capacity as trustee of the Christine A. VanderWerp Trust (Trust). The Trust was also established on that same day. The articles of organization for the LLC were formally filed with the state on April 11,

2000, and the LLC's operating agreement was executed on May 23, 2000. It listed Christine, as trustee of her Trust, as the LLC's sole member, thereby actually making the Trust the LLC's sole member. Additionally, on March 28, 2000, petitioners executed a quitclaim deed that transferred title of the property from themselves personally to the LLC, not to any trust.

Petitioners received the homestead exemption for the property until 2004, when respondent's staff ran a report to review questionable homestead exemptions. Petitioners' residence appeared on the report because an LLC was listed as the owner, and it was indicated that ownership of that property changed on March 28, 2000. Respondent concluded that the property did not qualify for the homestead exemption because the LLC now owned the property. Respondent thereafter informed the LLC and petitioners that they were not entitled to the homestead exemption and that the exemption was rescinded. Petitioners received additional assessments in the amount of $13,018 for tax years 2001, 2002, and 2003, which they paid under protest.

Petitioners subsequently executed a correcting quitclaim deed in 2004, attempting to make it retroactively effective as of March 28, 2000, wherein the LLC transferred title of the property to the Trust. Respondent then approved the homestead exemption for the 2004 tax year. Petitioners appealed the rescission of the homestead exemption for tax years 2001 through 2003. The MTT upheld the rescission and the assessment of taxes for those years.

On appeal, petitioners argue that the MTT erred in determining that they were not entitled to a homestead exemption for the tax years in question. Specifically, petitioners contend that Christine made the subject

property her true, fixed, and permanent home; that she is the grantor of the Trust, which is a "revocable living trust" within the meaning of the homestead exemption; and that the Trust is the sole member of the LLC, which held title to the residence.

Absent fraud, our review of MTT decisions is limited to determining whether the MTT erred in applying the law or adopted a wrong legal principle. *Ford Motor Co v City of Woodhaven*, 475 Mich 425, 438; 716 NW2d 247 (2006). The central dispute in this case involves the proper interpretation and application of a statute, which is a question of law that this Court reviews de novo. *Id.*

It is well established that the primary goal of statutory construction is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). "Each word of a statute is presumed to be used for a purpose, and, as far as possible, effect must be given to every clause and sentence." *Robinson v Detroit*, 462 Mich 439, 459; 613 NW2d 307 (2000). If the statutory language is clear and unambiguous, this Court must apply the statute as written, and no further judicial construction is necessary or permitted. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999).

However, there are special rules that apply to the interpretation of statutory exemptions. *Stege v Dep't of Treasury*, 252 Mich App 183, 189; 651 NW2d 164 (2002). Our Supreme Court explained:

> An intention on the part of the legislature to grant an exemption from the taxing power of the State will never be implied from language which will admit of any other reasonable construction. Such an intention must be expressed in clear and unmistakable terms, or must appear

by necessary implication from the language used, for it is a well-settled principle that, when a specific privilege or exemption is claimed under a statute, charter or act of incorporation, it is to be construed strictly against the property owner and in favor of the public. This principle applies with peculiar force to a claim of exemption from taxation. Exemptions are never presumed, the burden is on a claimant to establish clearly his right to exemption, and an alleged grant of exemption will be strictly construed and cannot be made out by inference or implication but must be beyond reasonable doubt. In other words, since taxation is the rule, and exemption the exception, the intention to make an exemption ought to be expressed in clear and unambiguous terms; it cannot be taken to have been intended when the language of the statute on which it depends is doubtful or uncertain; and the burden of establishing it is upon him who claims it. Moreover, if an exemption is found to exist, it must not be enlarged by construction, since the reasonable presumption is that the State has granted in express terms all it intended to grant at all, and that unless the privilege is limited to the very terms of the statute the favor would be extended beyond what was meant. [*Detroit v Detroit Commercial College*, 322 Mich 142, 148-149; 33 NW2d 737 (1948) (quotation marks and citation omitted).]

See also *Stege, supra* at 189; *Guardian Industries Corp v Dep't of Treasury*, 243 Mich App 244, 249-250; 621 NW2d 450 (2000).

But these rules do not permit a strained construction that is adverse to the intent of the Legislature. *Kinder Morgan Michigan, LLC v City of Jackson*, 277 Mich App 159, 165; 744 NW2d 184 (2007). MCL 211.7cc(1) provided in pertinent part that "[a] homestead is exempt from the tax levied by a local school district for school operating purposes . . . if an owner of that homestead claims an exemption as provided in this section."[1]

---

[1] Because we are addressing the homestead exemption relative to tax years 2001 to 2003, we shall apply the statutory language that governed during those years. The relevant statutes have undergone numerous

MCL 211.7cc(2) provided in pertinent part:

> An owner of property may claim an exemption under this section by filing an affidavit . . . with the local tax collecting unit in which the property is located. The affidavit shall state that the property is owned and occupied as a homestead by that owner of the property on the date that the affidavit is signed.

Under the plain language of MCL 211.7cc(1) and (2), only an "owner" may claim the homestead exemption.[2] MCL 211.7dd, which contains definitions of terms, provided in pertinent part:

> (b) "Owner" means any of the following:
>
> (*i*) A person who owns property or who is purchasing property under a land contract.
>
> (*ii*) A person who is a partial owner of property.
>
> (*iii*) A person who owns property as a result of being a beneficiary of a will or trust or as a result of intestate succession.
>
> (*iv*) A person who owns or is purchasing a dwelling on leased land.
>
> (*v*) A person holding a life lease in property previously sold or transferred to another.
>
> (*vi*) A grantor who has placed the property in a revocable trust or a qualified personal residence trust.
>
> (*vii*) A cooperative housing corporation.
>
> (*viii*) A facility registered under Act No. 440 of the Public Acts of 1976.

---

amendments since that time. See 2003 PA 140; 2003 PA 247; 2006 PA 114. Currently, the exemption is referred to as a principal residence exemption. MCL 211.7cc.

[2] At the time, MCL 211.7dd(a) defined "homestead" as "that portion of a dwelling or unit in a multiple-unit dwelling that is subject to ad valorem taxes and is owned and occupied as a principal residence by an owner of the dwelling or unit." Accordingly, this language also directs us to examine the definition of "owner."

MCL 211.7dd(c) provided: " 'Person', for purposes of defining owner as used in section 7cc, means an individual and for purposes of defining owner as used in section 7ee means an individual, partnership, corporation, limited liability company, association, or other legal entity."

Our threshold inquiry in the instant action is to ascertain who or what owns the subject property. An LLC "may be formed . . . for any lawful purpose for which a domestic corporation or a domestic partnership could be formed . . . ." MCL 450.4201. Petitioners formed their LLC and conveyed their ownership interest in the property to the LLC by means of the March 28, 2000, quitclaim deed. A quitclaim deed conveys any and all right, title, and interest that a grantor has in the lands described in the deed. *Frost v Cockerham*, 164 Mich App 759, 765-766; 417 NW2d 599 (1987). Individually, petitioners no longer had any interest in the subject property after it was conveyed to the LLC. Moreover, an LLC member, here the Trust, "has no interest in specific limited liability company property." MCL 450.4504(2). Thus, petitioners could not claim the homestead exemption as persons under MCL 211.7dd(b) because they no longer owned the subject property. See MCL 211.7dd(b)(*i*) (an owner is "[a] person who owns property").

As indicated above, MCL 211.7dd(b) provided definitions of "owner" for the purposes of MCL 211.7cc, and several of these definitions refer to a "person." A "person" means only an "individual," as opposed to a business organization, when considering that term in relation to MCL 211.7cc. See MCL 211.7dd(c). Because a "person" is limited only to an individual,[3] the LLC

---

[3] The General Property Tax Act, MCL 211.1 *et seq.*, does not define an "individual," but we conclude that the plain meaning of "individual" in

cannot be an owner pursuant to MCL 211.7dd(b)(*i*) through (*v*). Further, the LLC is not a cooperative housing corporation or a registered living care facility; thus, it is not an "owner" as defined by MCL 211.7dd(b)(*vii*) or (*viii*). Thus, the LLC had no entitlement to the tax exemption under these various provisions.

On appeal, petitioners argue for a broad construction of the term "owner," contending that the term "owner" should not be limited to the definitions provided in MCL 211.7dd(b). However, petitioners' argument ignores the doctrine of *expressio unius est exclusio alterius*, pursuant to which an enumeration of things excludes other undesignated things. *Hoerstman Gen Contracting, Inc v Hahn*, 474 Mich 66, 74; 711 NW2d 340 (2006). Moreover, our Supreme Court held that exemptions from taxation must be narrowly construed. See *Detroit Commercial College, supra* at 148-149. " '[I]f an exemption is found to exist, it must not be enlarged by construction, since the reasonable presumption is that the State has granted in express terms all it intended to grant at all . . . .' " *Id.* at 149 (citation omitted). The definition of "owner" is limited to those definitions expressed in MCL 211.7dd(b).

The only remaining possibility for the LLC to be considered an "owner" for purposes of claiming the tax exemption under MCL 211.7cc is that the LLC is "[a] grantor who has placed the property in a revocable trust or a qualified personal residence trust." MCL 211.7dd(b)(*vi*). However, the LLC was not a "grantor" for purposes of trust law, nor was the property placed

this context is "a single human being." *Random House Webster's College Dictionary* (2001); see also *Haynes v Neshewat*, 477 Mich 29, 36; 729 NW2d 488 (2007) (where a statute does not provide the definition of certain terms, courts give those terms their ordinary meanings, and "[a] dictionary may be consulted if necessary").

into a trust, let alone placed in one by the LLC.[4] In the instant case, the Trust was established on March 28, 2000. Christine was defined as the settlor, or in other words the grantor, and trustee. The trust agreement provided: "Settlor has transferred to herself as Trustee certain property described in Schedule 1 attached hereto, or hereafter will transfer certain assets to herself as Trustee, to be held, administered, and disposed of pursuant to the terms of this Agreement." Schedule 1 lists the LLC and references personal property/cash.

Under the trust agreement, Christine, not the LLC, was the settlor/grantor. The LLC did not set up and fund a trust. Accordingly, the LLC was not an owner under MCL 211.7dd(b)(*vi*). Furthermore, Christine was not an owner under MCL 211.7dd(b)(*vi*), nor was Stewart for that matter. Petitioners, as grantors under their respective trusts, did not convey their personal interests in the property to any trust through a deed; rather, petitioners conveyed their personal interests in the property directly to the LLC itself by way of a quitclaim deed. While Christine's Trust held the sole membership interest in the LLC, the Trust was never conveyed the property during the relevant period, nor did it ever hold title to the property until 2004.[5] The property was never placed in a revocable trust before 2004. MCL 211.7dd(b)(*vi*) was never implicated. MCL 211.7dd(b)(*vi*) clearly contemplated situations in which a person or a couple, as grantor(s), set up a revocable trust, and then conveyed or transferred an owned house through a deed to the trust, but yet were allowed to claim the house under the homestead exemption. This did not occur here. In sum,

---

[4] We recognize that the LLC later took these steps in 2004.

[5] Again, an LLC member "has no interest in specific limited liability company property." MCL 450.4504(2).

the LLC, not the trust, owned the property, but the LLC did not qualify as an "owner" for purposes of the homestead exemption, nor did petitioners qualify as owners. We therefore conclude that the MTT properly interpreted and applied MCL 211.7cc and 211.7dd.

In reaching our conclusion, we reject petitioners' assertion that the 2004 correction deed should be given retroactive effect. Petitioners did not include this argument in their statement of questions presented; thus, it is not preserved for appellate consideration. MCR 7.212(C)(5); *McGoldrick v Holiday Amusements, Inc*, 242 Mich App 286, 298; 618 NW2d 98 (2000). Moreover, petitioners have failed to cite any authority to support this assertion, other than invoking a general principle of equity. We have held repeatedly that appellants may not merely announce their position and leave it to this Court to discover and rationalize the basis for their claims; nor may they give issues cursory treatment with little or no citation of supporting authority. *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003). Petitioners' failure to properly address the merits of this assertion of error constitutes abandonment of the issue on appeal. *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002).

Nevertheless, petitioners' argument lacks merit. On appeal, petitioners make an assertion that they were not requesting the MTT to "exercise equitable powers in the form of an injunction or order, but rather to recognize the [principle] that a mere change in form of a transaction, without a change in substance, may be given retroactive effect." Petitioners cite no authority for this proposition, other than a general principle of equity. See *Warren Tool Co v Stephenson*, 11 Mich App 274, 295-296; 161 NW2d 133 (1968).

Here, petitioners voluntarily and purposely transferred title of the subject property to the LLC, which was created by Christine as part of a complex estate plan. Equity does not require that petitioners' mistake in giving up their exemption should be rectified. The MTT properly construed and applied the clear and unambiguous statutes as written. See *Electronic Data Sys Corp v Flint Twp*, 253 Mich App 538, 545; 656 NW2d 215 (2002). The powers of the MTT are limited to those authorized by statute, and the MTT "does not have powers of equity." *Federal-Mogul Corp v Dep't of Treasury*, 161 Mich App 346, 359; 411 NW2d 169 (1987), citing *Wikman v City of Novi*, 413 Mich 617, 646-649; 322 NW2d 103 (1982). Petitioners cannot invoke equity in the case at bar.

Affirmed.