# STATE OF MICHIGAN

# COURT OF APPEALS

GREAT LAKES GUARDIANS,

        Petitioner/Cross-
        Appellee/Appellant,

V

TOWNSHIP OF SIMS,

        Respondent/Cross-
        Appellant/Appellee.

UNPUBLISHED
July 14, 2015

No. 320856
Tax Tribunal
LC No. 00-436941

Before: RONAYNE KRAUSE, P.J., and MURPHY and SERVITTO, JJ.

PER CURIAM.

Petitioner appeals as of right the Michigan Tax Tribunal's decision, denying petitioner's request for an exemption from ad valorem taxation under MCL 211.7o(5) (real or personal property owned by a qualified conservation organization) for the 2012 and 2013 tax years, and disallowing costs and attorney fees. We affirm.

Petitioner is a nonprofit charitable corporation organized and designated in accordance with Internal Revenue Code § 501(c)(3). Petitioner's stated purpose is "to support scholarships, educational programs, and grants for water quality awareness, testing, and research." It directs its activities to land conservancy, public education, scholarship, research, and testing and has conducted various educational programs, such as water festivals that teach school age children about soil erosion, nonpoint source pollution, and water quality awareness. Petitioner works in cooperation with Oakland University, the Cranbrook Institute of Science, and other governmental agencies and is funded through donations and fundraising efforts.

Petitioner purchased the subject real property located in respondent township in 2011. The subject property is .78 acres, is classified as single family residential, and has 60 feet of lake frontage on Saginaw Bay. The subject property is a vacant, wooded, and undeveloped residential lot neighbored by residential cottages. Petitioner sought a tax exemption for the property pursuant to MCL 211.7o(5), which states in relevant part as follows:

> Real property owned by a qualified conservation organization that is held
> for conservation purposes and that is open to all residents of this state for
> educational or recreational use, including, but not limited to, low-impact,
> nondestructive activities such as hiking, bird watching, cross-country skiing, or

-1-

snowshoeing is exempt from the collection of taxes under this act. As used in this subsection, "qualified conservation organization" means a nonprofit charitable institution or a charitable trust that meets all of the following conditions:

* * *

(b) Is required under its articles of incorporation, bylaws, or trust documents to hold in perpetuity property acquired for the purposes described in subdivision (a) unless both of the following conditions are satisfied:

(*i*) That property is no longer suitable for the purposes described in subdivision (a).

(*ii*) The sale of the property is approved by a majority vote of the members or trustees.

The Sims Township assessor and the Sims Township Board of review denied petitioner's request for a tax exemption. Petitioner then appealed the Board of Review's decision to the Tax Tribunal, which held that petitioner had failed to prove, by a preponderance of the evidence, that the subject property was entitled to an exemption. The Tribunal found that the property was being held for conservation purposes pursuant to MCL 211.7o(5). The Tribunal also found that petitioner satisfied the requirement of opening the property to the public for educational or recreational use. The Tribunal further found that petitioner had met the requirement under MCL 211.7o(5)(a) because petitioner's purpose stated under its articles of incorporation paralleled the purpose delineated in the statute. As to the MCL 211.7o(5)(b) requirement, however, the Tribunal found that neither petitioner's articles nor bylaws specifically stated that its disposition of real property could only occur if "(i) such property is no longer suitable for Petitioner's purposes" and "(ii) the sale is approved by a majority vote of the members." The Tribunal concluded that petitioner had failed to satisfy the requirement under subparagraph (b), and was therefore not entitled to an exemption. The Tribunal also found that petitioner had failed to show good cause to grant its request for costs and attorney fees. This appeal followed.

Petitioner first argues on appeal that the Tax Tribunal erred when it found that petitioner was not entitled to an exemption because petitioner did not meet the requirements under MCL 211.7o(5)(b). We disagree.

The Michigan Supreme Court summarized as follows the applicable standards governing review of Tax Tribunal decisions:

The standard of review for Tax Tribunal cases is multifaceted. Where fraud is not claimed, this Court reviews the tribunal's decision for misapplication of the law or adoption of a wrong principle. We deem the tribunal's factual findings conclusive if they are supported by competent, material, and substantial evidence on the whole record. [*Wexford Med Group v City of Cadillac*, 474 Mich 192, 201; 713 NW2d 734 (2006)]

The substantial evidence standard signifies a level reaching "more than a scintilla of evidence, although it may be substantially less than a preponderance of the evidence. Failure to base a decision on competent, material, and substantial evidence constitutes an error of law requiring reversal." *Leahy v Orion Twp*, 269 Mich App 527, 529-530; 711 NW2d 438 (2006) (internal quotation and citation omitted). When statutory interpretation is at issue, appellate review of the tribunal's decision is de novo. *Liberty Hill Housing Corp v Livonia*, 480 Mich 44, 49; 746 NW2d 282 (2008).

Tax exemptions are disfavored, and the burden of proving the right to an exemption is on the party claiming the exemption. *Elias Bros Restaurants, Inc v Treasury Dep't*, 452 Mich 144, 150; 549 NW2d 837 (1996). The Legislature must expressly grant an exemption from the state taxing power; it will not be implied. *VanderWerp v Plainfield Twp*, 278 Mich App 624, 627-628; 752 NW2d 479 (2008) (Citations omitted). Tax exemptions must be strictly construed in favor of the taxing body because tax exemptions upset the desirable balance achieved by equal taxation. *Michigan Baptist Homes & Dev Co v Ann Arbor*, 396 Mich 660, 669-670; 242 NW2d 749 (1976). In an appeal from an order of the Tax Tribunal, the appellant bears the burden of proof. *ANR Pipeline Co v Dep't of Treasury*, 266 Mich App 190, 198; 699 NW2d 707 (2005).

Petitioner's articles of incorporation and bylaws provide that the purposes for which petitioner is organized are:

> To acquire, preserve, maintain, improve, protect and hold in perpetuity nature sanctuaries, nature preserves, and significant natural, agricultural, and scenic land areas that predominantly contain natural habitat for fish, wildlife and plants, and for conservation, outdoor recreation by the general public, scientific study, preservation of biodiversity and historical sites, the education of the general public, and to advance land stewardship in Michigan now and for future generations. Acquisition of such land shall be made by gift, donation, or otherwise of real and personal property, both tangible and intangible of every sort and description, and such property shall be used in such a manner as the directors of the Corporation shall deem appropriate to carry out the above purposes, and which is not inconsistent with those purposes established herein.

The articles of incorporation and bylaws further state that petitioner is organized to "acquire, own, disperse of, and deal with real and personal property and interests therein and to apply gifts, grants, bequests, and devises and the proceeds thereof in furtherance of the purposes of the Corporation."

Based on these provisions in its articles of incorporation and bylaws, petitioner argues that the requirements under MCL 211.7o(5)(b)(*i*) are satisfied. However, while petitioner's articles of incorporation and bylaws provide that its purpose is to hold property in perpetuity, the same articles and bylaws provide that petitioner can "disperse of" real and personal property if it is "in furtherance of the purposes of the Corporation;" it does not specify that the property can be "dispersed of" *only* if it "is no longer suitable" for purposes of "acquiring, maintaining, and protecting nature sanctuaries, nature preserves, and natural areas in this state, that predominantly contain natural habitat for fish, wildlife, and plants" which is what is required by subsection (b)(*i*). Conceivably, a decision could be made that it would further the purposes of plaintiff to

sell one property to buy another that is *more* suitable to its purposes. Such a sale would be permitted by the articles of incorporation and bylaws, but since the property subject to taxation would still be "suitable" for the designated purposes, albeit less desirable, the property would not qualify for the exemption under subsection (b)(*i*).

It is well established that a statute granting a tax exemption must be strictly construed against the taxpayer and in favor of the taxing authority. *Michigan Baptist Home & Development Co*, 396 Mich at 670. Accordingly, based on a strict construction of the statute, the Tribunal did not make an error of law or apply a wrong principle when finding that petitioner had failed to satisfy the requirements set forth under MCL 211.7o(5).

Petitioner next claims that it was an abuse of discretion for the Tribunal to deny its request for costs and attorney fees. We disagree.

"This Court reviews for an abuse of discretion a court's ruling on a motion for costs to the prevailing party." *Pontiac Country Club v Waterford Twp*, 299 Mich App 427, 437; 830 NW2d 785 (2013). We conclude that the same standard of review would apply to a determination by the Tax Tribunal.

MCL 205.752(1) states that "[c]osts may be awarded in the discretion of the tribunal." The Tribunal adopted this statute in its procedural rule, Mich Admin Code, R 792.10209 (Rule 209). This rule provides that "[t]he tribunal may, upon motion or its own initiative, award costs in a contested case, as provided by section 52 of the tax tribunal act, MCL 205.752." Rule 209(1). This rule does not limit the award of costs to a prevailing party, and does not provide criteria by which the Tribunal is to determine whether costs should be awarded.

Petitioner argues that it is entitled to costs and attorney fees for having to file this appeal and a motion for default when respondent did not submit its answer within a 28-day deadline. Respondent filed a motion to set aside default arguing that it timely filed and served its answer, and it did not have knowledge as to why the answer was not received and recorded by the Tribunal. The Tribunal found that respondent had shown good cause and granted its motion to set aside the default. Although not statutorily required, the Tribunal determined that petitioner had not shown good cause to grant its request for costs and attorney fees, and found that such an award was not justified in this case. Given the lack of criteria based in statute or rule for awarding costs in a Tribunal proceeding, the Tribunal's explanation for its order, and the fact that petitioner is the non-prevailing party, it cannot be said that the Tribunal abused its discretion by denying petitioner's motion.

On cross-appeal, respondent contends that the Tribunal erred in finding that petitioner met the requirements of MCL 211.7o(5) and (5)(a). Specifically, respondent maintains that the Tribunal should not have found that petitioner's property was open to all residents of the state for educational or recreational use as required by MCL 211.7o(5), and should not have found that petitioner was holding the real property for conservation purposes under MCL 211.7o(5)(a). Since we conclude that the Tribunal correctly determined that petitioner was not entitled to the exemption based on MCL 211.7o(5)(b), we need not address whether petitioner would also have failed to qualify for an exemption under MCL 211.7o(5) or (5)(a).

-4-

Affirmed.

/s/ Amy Ronayne Krause
/s/ William B. Murphy
/s/ Deborah A. Servitto