# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES HOLLAND,

        Plaintiff-Appellee,

v

CITY OF HIGHLAND PARK,

        Defendant-Appellant.

UNPUBLISHED
March 17, 2016

No. 324312
Wayne Circuit Court
LC No. 2013-004749-NI

Before: SAAD, P.J., and SAWYER and HOEKSTRA, JJ.

PER CURIAM.

Defendant appeals as of right from an order denying defendant's motion for summary disposition under MCR 2.116(C)(7) and (8). We affirm in part, reverse in part, and remand.

This action arose from damages allegedly suffered by plaintiff James Holland after debris from a building owned by defendant fell onto a garage and rear wall of plaintiff's property, damaging the garage, rear wall, and three vehicles on the property. Plaintiff filed a complaint, alleging that the damage was caused by the deteriorated state of the city-owned building and by the negligent operation of equipment by defendant's employees. Plaintiff then amended the complaint by deleting the allegations that the damage was caused by negligent operation of equipment and adding allegations that defendant failed to properly train its employees to inspect, repair, and care for its buildings. The amended complaint also added claims for inverse condemnation and declaratory relief. Thereafter, defendant moved for summary disposition of plaintiff's claims on the ground that the claims were barred by governmental immunity. The trial court denied defendant's motion, noting that plaintiff had pleaded theories of gross negligence, because defendant had maintained its properties so poorly that bricks were falling off causing damage to property owned by plaintiff, and the defective building exception to governmental immunity. Defendant now appeals.

Defendant first argues that the trial court erred in denying its motion for summary disposition of the negligence and gross negligence claims on the basis of governmental immunity. We agree.

This Court reviews de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(7). *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). MCR 2.116(C)(7) permits summary disposition where a claim is barred by immunity granted by law.

-1-

A party may support a motion under MCR 2.116(C)(7) with affidavits, depositions, admissions, or other documentary evidence. MCR 2.116(G)(2); *Maiden*, 461 Mich at 119. If a party submits such materials, the court must consider them to the extent that the materials would be admissible as evidence. MCR 2.116(G)(5) and (6). When reviewing a motion brought under MCR 2.116(C)(7), the court must accept the contents of the complaint as true unless contradicted by documentation submitted by the movant. *Maiden*, 461 Mich at 119. If there is no factual dispute, then whether a plaintiff's claim is barred by governmental immunity is a question of law for the court. *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008). Summary disposition is not appropriate under MCR 2.116(C)(7) if a factual dispute exists. *Id.*

A governmental agency[1] generally is immune from tort liability arising out of the exercise or discharge of its governmental functions unless one of the five recognized exceptions to immunity exists. MCL 691.1407(1); *Mack v City of Detroit*, 467 Mich 186, 195; 649 NW2d 47 (2002). A "governmental function" is defined as "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." MCL 691.1401(b). Because the maintenance of city buildings is authorized by defendant's city ordinance, defendant's maintenance of such buildings is a governmental function. Therefore, defendant is entitled to governmental immunity for liability arising out of its maintenance of city buildings unless an exception to immunity applies.

In response to defendant's motion for summary disposition, plaintiff argued that the public building exception to governmental immunity applied to the facts of this case. The public building exception to governmental immunity, set forth in MCL 691.1406, provides, in part, as follows:

> Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition. . . .

Mere public ownership of a building is insufficient to meet the requirements of the public-building exception. *Maskery v Bd of Regents of Univ of Mich*, 468 Mich 609, 617; 664 NW2d 165 (2003). Rather, to fall within the public building exception, a plaintiff must prove that (1) a governmental agency is involved, (2) the public building in question was open for use by members of the public, (3) a dangerous or defective condition of the public building itself exists, (4) the governmental agency had actual or constructive knowledge of the alleged defect,

---

[1] As a political subdivision, the City of Highland Park is a "government agency." MCL 691.1401(a), (d), and (e).

and (5) the governmental agency failed to remedy the alleged defective condition after a reasonable period or failed to take action reasonably necessary to protect the public against the condition after a reasonable period. *Id.* at 614-615.

Plaintiff failed to state a claim under the public building exception where he failed to allege in the amended complaint that the city-owned buildings at issue were "open for use by members of the public." By failing to state a claim under the public building exception, plaintiff has failed to plead in avoidance of governmental immunity. *Mack*, 467 Mich at 203-204. Because plaintiff's negligence and gross negligence claims arose out of defendant's performance of a governmental function and plaintiff failed to state a claim under the public building exception, defendant was entitled to governmental immunity for the negligence and gross negligence claims. Accordingly, the trial court erred in denying defendant's motion for summary disposition of plaintiff's negligence and gross negligence claims.

Defendant next argues that plaintiff's request for further discovery was without merit. We conclude that this issue was not preserved for review where our review of the record does not support defendant's argument that plaintiff requested additional discovery.

Finally, defendant argues that plaintiff failed to plead or state a claim for inverse condemnation or declaratory judgment. We disagree.

To establish an inverse condemnation claim, a plaintiff must prove (1) that the government's actions were a substantial cause of the decline of his property's value, and (2) that the government abused its legitimate powers in affirmative actions directly aimed at the plaintiff's property. *Hinjosa v Dep't of Natural Resources*, 263 Mich App 537, 548-549; 688 NW2d 550 (2004). Because plaintiff properly alleged these elements in his amended complaint, we find no merit in defendant's argument that plaintiff failed to state a claim for inverse condemnation. We further conclude that defendant abandoned its argument that plaintiff failed to state a claim for declaratory relief by neglecting to provide any analysis of the argument on appeal. *VanderWerp v Plainfield Charter Twp*, 278 Mich App 624, 633; 752 NW2d 479 (2008) ("[A]ppellants may not merely announce their position and leave it to this Court to discover and rationalize the basis for their claims; nor may they give issues cursory treatment with little or no citation of supporting authority.").

We therefore reverse in part the trial court's order denying defendant's motion for summary disposition, with regard to plaintiff's negligence and gross negligence claims, on the basis of governmental immunity.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.

/s/ Henry William Saad
/s/ David H. Sawyer
/s/ Joel P. Hoekstra

-3-