*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MACK C. STIRLING,

        Petitioner-Appellee,

v

COUNTY OF LEELANAU,

        Respondent-Appellant.

FOR PUBLICATION
March 25, 2021
9:00 a.m.

No. 353117
Tax Tribunal
LC No. 19-003870-TT

Before: MURRAY, C.J., and M. J. KELLY and RICK, JJ.

MURRAY, C.J.

Respondent appeals as of right the final opinion and order of the Michigan Tax Tribunal (MTT) granting summary disposition under MCR 2.116(C)(10) in favor of petitioner, Mack C. Stirling. In granting petitioner's motion, the MTT held that petitioner was entitled to utilize the Michigan principal residence exemption (PRE) for his home in Leelanau County because the primary residence exemption claimed by petitioner's wife for a residence in Utah was not based upon a "substantially similar" exemption as the PRE. We conclude otherwise, and thus reverse the final opinion and order of the MTT and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

The material facts are not in dispute. Petitioner has lived in his Leelanau County home since 1990. Petitioner's wife owned two rental properties in Utah, but she sold one of the properties in 2018. Petitioner and his wife filed joint tax returns for the pertinent tax years of 2016 to 2019. Neither petitioner nor his wife ever resided at either Utah property; however, the Utah tenants (petitioner's family members) used the properties as their principal residences. As a result, under Utah law, petitioner's wife claimed tax exemptions during the relevant tax years for these properties, and disclosed that fact on the application for a PRE. Respondent denied petitioner's application for a PRE, concluding that use of the Utah exemption rendered petitioner ineligible for a PRE because the Utah exemption was "substantially similar" to the PRE.

Petitioner then filed this matter in the Small Claims Division of the MTT, and subsequently sought summary disposition on the undisputed facts. The MTT granted the motion, concluding

-1-

that the Utah exemption received by petitioner was not "substantially similar" to the PRE, primarily because to be eligible for the PRE a person had to be *both* an owner and occupier of the residence, while under Utah law a person was eligible if she owned and occupied the residence, *or* owned the residence and had tenants occupying the home as a primary residence. After the MTT denied respondent County of Leelanau's motion for reconsideration, the county filed this claim of appeal.

## II. DISCUSSION

Our judicial task is to determine whether what is required under a Utah residential property tax exemption statute is "substantially similar" to that provided by a Michigan residential property tax exemption statute. "Absent fraud, our review of MTT decisions is limited to determining whether the MTT erred in applying the law or adopted a wrong legal principle." *VanderWerp v Plainfield Charter Twp*, 278 Mich App 624, 627; 752 NW2d 479 (2008). We review de novo the MTT's interpretation and application of statutes. *Id.* Although appellate courts "generally defer to the Tax Tribunal's interpretation of a statute that it is delegated to administer, that deference will not extend to cases in which the tribunal makes a legal error. Thus, agency interpretations are entitled to 'respectful consideration' but cannot control in the face of contradictory statutory text." *SBC Health Midwest, Inc v Kentwood*, 500 Mich 65, 71; 894 NW2d 535 (2017) (quotation marks and citations omitted).[1] In other words, "respectful consideration" is given to the MTT's construction of a statute, but ultimately the meaning of a statute is a legal question to which we owe no deference.[2] As we said just late last year:

> Because these claims of error involve whether the Tax Tribunal properly interpreted and applied the statutes governing its jurisdiction, this Court's review is limited to determining whether the Tax Tribunal committed an error of law in its interpretation and application of the statutes. *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 527-528; 817 NW2d 548 (2012). This Court reviews de novo whether the Tax Tribunal erred as a matter of law when interpreting and applying statutes. *Makowski v Governor*, 317 Mich App 434, 441; 894 NW2d 753 (2016). Agency interpretations of a statute are entitled to "respectful consideration, but they are not binding on courts and cannot conflict with the plain meaning of the statute." *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 117-118; 754 NW2d

---

[1] We agree with respondent that because the MTT is not delegated authority to administer the Utah tax exemption statutes, any deference warranted by *SBC Health Midwest*, 500 Mich at 71, is not applicable with respect to its view of Utah law.

[2] This "respectful consideration" is much like what we give to a trial court's view of a legal issue on de novo review. See, e.g., *Gillette Commercial Operations North America & Subsidiaries v Dep't of Treasury*, 312 Mich App 394, 405 n 3; 878 NW2d 891 (2015) ("Though we can give no deference to the trial court's legal rulings, unlike the deference we give to discretionary calls on evidence or findings of fact, we nevertheless give the trial court's legal rulings careful consideration.").

259 (2008). [*New Covert Generating Co, LLC v New Covert Twp*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket Nos. 348720; 348721); slip op at 8.]

"It is well established that the primary goal of statutory construction is to ascertain and give effect to the intent of the Legislature." *VanderWerp*, 278 Mich App at 627. "The words used by the Legislature in writing a statute provide us with the most reliable evidence of the Legislature's intent." *Drew v Cass Co*, 299 Mich App 495, 499; 830 NW2d 832 (2013). "If the statutory language is clear and unambiguous, this Court must apply the statute as written, and no further judicial construction is necessary or permitted." *VanderWerp*, 278 Mich App at 627. "Moreover, statutes exempting persons or property from taxation must be narrowly construed in favor of the taxing authority." *Drew*, 299 Mich App at 499-500 (quotation marks and citation omitted).

The PRE, also known as the "homestead exemption," is part of the General Property Tax Act, MCL 211.1 *et seq.*, and it allows taxpayers to exempt their domicile from the local school district's property tax. *Estate of Schubert v Dep't of Treasury*, 322 Mich App 439, 448; 912 NW2d 569 (2017). The PRE is governed by MCL 211.7cc, which provides in relevant part:

> (1) A principal residence is exempt from the tax levied by a local school district for school operating purposes to the extent provided under section 1211 of the revised school code, 1976 PA 451, MCL 380.1211, if an owner of that principal residence claims an exemption as provided in this section. . . .
>
> (2) . . . [A]n owner of property may claim 1 exemption under this section by filing an affidavit on or before May 1 for taxes levied before January 1, 2012 or, for taxes levied after December 31, 2011, on or before June 1 for the immediately succeeding summer tax levy and all subsequent tax levies or on or before November 1 for the immediately succeeding winter tax levy and all subsequent tax levies with the local tax collecting unit in which the property is located. For the 2020 tax year only, an owner may claim 1 exemption under this section by filing an affidavit on or before June 30, 2020 for the 2020 summer tax levy and all subsequent tax levies with the local tax collecting unit in which the property is located. *The affidavit shall state* that the property is owned and occupied as a principal residence by that owner of the property on the date that the affidavit is signed and shall state *that the owner has not claimed a substantially similar exemption, deduction, or credit on property in another state*. . . .
>
> (3) Except as otherwise provided in subsection (5), a married couple who are required to file or who do file a joint Michigan income tax return are entitled to not more than 1 exemption under this section. For taxes levied after December 31, 2002, *a person is not entitled to an exemption under this section in any calendar year in which any of the following conditions occur*:
>
> * * *
>
> (b) . . . [T]*hat person or his or her spouse owns property in a state other than this state for which that person or his or her spouse claims an exemption*, deduction, or credit *substantially similar to the exemption provided under this*

*section*, unless that person and his or her spouse file separate income tax returns. [(Emphasis added).]

Thus, under Michigan law, a qualifying person is entitled to the PRE so long as he or she does not own a home in another state for which they claimed an exemption that is "substantially similar to" the PRE. See generally, *Campbell v Dep't of Treasury*, 331 Mich App 312, 320-321; 952 NW2d 568 (2020).

Utah's residential property exemption is governed by Utah Code § 59-2-103[3], which provides in relevant part:

> (3) . . . [T]he fair market value of residential property located within the state is allowed a residential exemption equal to a 45% reduction in the value of the property.
>
> \* \* \*
>
> (6)(a) Except as provided in Subsections (6)(b)(*ii*) and (*iii*), a residential exemption described in Subsection (3) is limited to one primary residence per household.
>
> (b) An owner of multiple primary residences located within the state is allowed a residential exemption under Subsection (3) for:
>
> (*i*) subject to Subsection (6)(a), the primary residence of the owner;
>
> (*ii*) each residential property that is the primary residence of a tenant . . . .

In *Dennis v Summit Co*, 933 P2d 387, 389 (Utah App, 1997), the court indicated that the purpose of this statute was to grant an exemption for residential property being used as a primary residence, which can occur in two ways:

> The crucial qualification for the exemption is the use to which the property is put, not the residency of the owner. A resident of Utah who owns residential property in Utah but does not *use* that property as a primary residence is taxed in the same manner as a nonresident who likewise owns residential property that he does not use as a primary residence. Such properties are valued at 100% of fair market value for purposes of calculating the property taxes owed. The tax exemption treats resident and nonresident taxpayers alike. Likewise, the Taxing Authorities point out that an individual, whether resident or nonresident, who owns residential property in Utah and rents it to someone who *uses* the property as a primary residence qualifies for the exemption. Both the resident owner and the nonresident

---

[3] After the decision by the MTT, the Utah legislature amended this code provision and the pertinent exemption has been renumbered, though we use the statute as it was during the relevant tax periods.

owner can take advantage of the exemption as long as the property is being *used* as a primary residence by someone.

What the MTT decided in its opinion and order, and what we must resolve now, is whether the Utah residential property exemption claimed by petitioner, i.e., the exemption provided to homeowners whose home is used by tenants as a primary residence, is "substantially similar" to the PRE within the meaning of MCL 211.7cc(3)(b). As we have noted, the MTT held that it was not.[4]

In reaching its decision, the MTT concluded that "the Utah exemption received by Petitioner's spouse is not substantially similar to the Michigan PRE because it is not for property occupied by the owner, i.e., a homestead;" rather, "[t]he exemption in Utah applies as long as it is a primary residence and there is no requirement that the same person both own and occupy the property." It is true that there are some differences in the coverage of the primary residence exemptions under the Michigan and Utah statutes, in that the availability of the exemption in Utah is broader than the PRE. Relevant to what petitioner claimed here, Utah provides an exemption for a person who (1) owns a home that (2) is used as a primary residence by another. The Utah exemption also contains a provision *exactly* like the PRE, where the homeowner resides in the home as a primary residence.

Our focus in conducting the comparison is between the PRE and the exemption "claimed" by the taxpayer. MCL 211.7cc(3)(b). Here, that is the residential property exemption contained in Utah Code § 59-2-103(3), which is limited to one primary residence per household, Utah Code § 59-2-103(6)(a), but which can be claimed for residences occupied in two different ways. Utah Code § 59-2-103(6)(b)(*ii*) and (*iii*). This framework for our analysis steers us to the conclusion that the Utah exemption claimed by petitioner was substantially similar to the PRE. This conclusion is based on several considerations. First, the "substantial similarity" standard is not so demanding that it requires exactness. The meaning of the common but statutorily undefined word "substantial" is "being largely but not wholly that which is specified," while "similar" is defined as "having characteristics in common" and "alike in substance or essentials." *Merriam-Webster's Collegiate Dictionary* (11th ed).[5] Taken together, we conclude that the Legislature's requirement that the other state exemption claimed by the homeowner be "substantially similar" to Michigan's means that the Sister State's exemption must be largely but not wholly alike in its characteristics and substance to the PRE.

---

[4] This is not the first time the MTT addressed whether Utah's residential property exemption is "substantially similar" to the PRE. In both *Whiting v Grand Traverse Co*, unpublished opinion of the Michigan Tax Tribunal, issued March 1, 2018 (Docket No. 16-005482) and *Boyd v Grand Traverse Co*, unpublished opinion of the Michigan Tax Tribunal, issued March 20, 2018 (Docket No. 17-004340), the MTT determined that the same Utah exemption claimed by petitioner *was* substantially similar to the PRE.

[5] We consult a dictionary to determine the generally understood meaning of a nontechnical word or phrase left undefined by the legislature. *People v Lewis*, 302 Mich App 338, 342; 839 NW2d 37 (2013).

Second, applying that definition here, there is no dispute that the main characteristic of the Utah statute, like the PRE, is to grant an exemption to a person who owns a primary residence in that state. It in fact seems clear that the primary purpose and characteristic of both statutes is to grant property tax relief to a person for a home that is used as a primary residence. Third, when looking at the substance of the two exemptions, the Utah exemption claimed by petitioner goes further than the PRE by granting the exemption to a homeowner who does not occupy the home, but that is occupied by a tenant as a primary residence. Utah Code § 59-2-103(6)(b)(*ii*). Although Michigan's PRE is more limited by applying only to the owner of the property who uses the property as a primary residence, MCL 211.7cc(2), the primary character and substance of both statutes is providing an exemption for a *homeowner's* primary residence that is *occupied as a primary residence*. We hold that these overarching provisions make the Utah exemption claimed by petitioner substantially similar to the PRE.

We cannot accept petitioner's argument that the Utah exemption does not meet the statutory test because a homeowner need not reside in the residence to receive the exemption. To do so would require demanding an exactness between the two statutory exemptions that the law does not require. Indeed, to accept that argument would require ignoring the significant similarities between the two statutes (both their purposes and their primary applications) and placing too much emphasis on the *one* additional provision available to homeowners under Utah law and would impose too stringent a definition to the phrase "substantial similarity."[6]

## III. CONCLUSION

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Michael J. Kelly
/s/ Michelle M. Rick

---

[6] We do not agree with the MTT that its prior decisions reflect that if the petitioners in *Whiting* and *Boyd* had utilized the Utah exemption taken by petitioners here, i.e., for a residence owned by them but occupied by others, they would have qualified for the PRE. We see no statement to that effect in either decision, and both cases involved Michigan residents who owned Utah residences that were occupied by relatives as their primary residences. Both *Whiting* and *Boyd* contain conclusions squarely in line with our reading and application of the Michigan and Utah statutes.