*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FRANK NALI,

        Petitioner-Appellant,

UNPUBLISHED
March 30, 2023

v

CITY OF GROSSE POINTE FARMS,

        Respondent-Appellee.

No. 359338
Tax Tribunal
LC No. 20-004246-TT

Before: GLEICHER, C.J., and O'BRIEN and MALDONADO, JJ.

PER CURIAM.

The city of Grosse Pointe Farms granted Frank Nali a partial poverty exemption from his 2020 property tax obligation. Nali appealed to the Michigan Tax Tribunal (MTT), contending that he was entitled to a full exemption under the poverty guidelines adopted by the city. Despite that the city did not advocate for revoking its partial exemption, the MTT determined that Nali was not entitled to any poverty exemption as his income did not fall within the federal poverty guidelines. We granted Nali's delayed application for leave to appeal. *Nali v Grosse Pointe Farms*, unpublished order of the Court of Appeals, entered March 30, 2022 (Docket No. 359338). We now vacate the MTT's order and remand for further proceedings.

## I. BACKGROUND

Nali owns a home in Grosse Pointe Farms. For tax year 2019, Nali sought an exemption from his property tax obligation based on poverty. The city granted a partial exemption, Nali filed a petition with the MTT, and the MTT determined that Nali was entitled to a full exemption because his income fell below the poverty guidelines adopted by the city.

For tax year 2020, Nali again requested a full exemption. In support of his request, Nali asserted that he lived alone. He cited net business income of $5,491 and Social Security income of $11,316. He calculated his total household income as follows: "(5491) + 1/2 (11,316) = $11,149." The city granted him a partial exemption, reducing the taxable value of his home from $31,765 to $10,000. The 2020 July Board of Review Change Notice indicates that the property

value was reduced due to "hardship." Dissatisfied, Nali filed a new petition in the MTT. Nali contended that he was entitled to a 100% exemption under MCL 211.7u.

In tax year 2020, MCL 211.7u(1)[1] provided, "The principal residence of persons who, in the judgment of the supervisor and board of review, by reason of poverty, are unable to contribute toward the public charges is eligible for exemption in whole or in part from taxation under this act." MCL 211.7u(2) governs eligibility for this exemption. Relevant to this matter, at the time in question, MCL 211.7u(2)(e) provided that the taxpayer must

> *[m]eet the federal poverty guidelines updated annually in the federal register* by the United States department of health and human services [USDHHS] under authority of section 673 of subtitle B of title VI of the omnibus budget reconciliation act of 1981, Public Law 97-35, 42 USC 9902, *or alternative guidelines adopted by the governing body of the local assessing unit* provided the alternative guidelines do not provide income eligibility requirements less than the federal guidelines. [Emphasis added.]

MCL 211.7u(5) permitted the board of review to deviate from subsection (2)(e):

> The board of review shall follow the policy and guidelines of the local assessing unit in granting or denying an exemption under this section unless the board of review determines there are *substantial and compelling reasons why there should be a deviation* from the policy and guidelines and the substantial and compelling reasons are communicated in writing to the claimant. [Emphasis added.]

A hearing was held in the MTT before an administrative law judge (ALJ). Without discounting his Social Security income, Nali noted that his income was $16,807. Nali again argued that he was entitled to a total property tax exemption. In its answer to Nali's petition, the city explained that it "granted the poverty exemption and reduced the Assessed and Taxable value to $10,000 based on the information provided." The city denied that this modified assessment was "the result of a clerical error or mutual mistake." In its answer, the city did not assert that the full taxable value of the property should be reinstated.

Hearings before the MTT Small Claims Division are not transcribed. Mich Admin Code. R 792.10265(1). However, the ALJ's proposed opinion and judgment states that the city explained at the hearing that the "income threshold for a household of one [to obtain a poverty-based property tax exemption] was $12,490 for the 2020 tax year." The ALJ proposed reinstating the $31,765 taxable value of the property and concluding that Nali was not entitled to a poverty exemption as his income was more than $4,000 over the federal poverty threshold.

Nali filed objections to the ALJ's proposed opinion and order. Nali noted that effective December 22, 2020, the Legislature had amended MCL 211.7u(2)(e) to state that taxpayers are entitled to a poverty exemption if they

---

[1] The applicable version of MCL 211.7u was enacted by 2012 PA 135, effective May 16, 2012.

[m]eet the federal poverty guidelines published in the prior calendar year in the Federal Register by the [USDHHS] under its authority to revise the poverty line under 42 USC 9902, or alternative guidelines adopted by the governing body of the local assessing unit provided the alternative guidelines do not provide income eligibility requirements less than the federal guidelines. [As enacted by 2020 PA 253.]

Further, the Legislature had amended MCL 211.7u(5) to provide:

The board of review shall follow the policy and guidelines of the local assessing unit in granting or denying an exemption under this section. If a person claiming an exemption under this section is qualified under the eligibility requirements in subsection (2), the board of review shall grant the exemption in whole or in part, as follows:

(a) A full exemption equal to a 100% reduction in taxable value for the tax year in which the exemption is granted.

(b) A partial exemption equal to 1 of the following:

(*i*) A 50% or 25% reduction in taxable value for the tax year in which the exemption is granted.

(*ii*) As approved by the state tax commission, any other percentage reduction in taxable value for the tax year in which the exemption is granted, applied in a form and manner prescribed by the state tax commission.

Nali contended that the ALJ and the city incorrectly applied the 2021 federal poverty guidelines in assessing his entitlement to the 2020 exemption. Before the amended statute was adopted by the city, Nali asserted, the city's poverty guidelines indicated that the threshold for exemptions was $21,800 for a family of one. As his 2020 income fell below that figure, Nali urged that he was entitled to a total exemption. However, unlike in his 2019 MTT petition, Nali did not present the city's 2020 guidelines to the tribunal.

The MTT Small Claims division determined that the ALJ incorrectly relied on MCL 211.7u as amended at the close of 2020, instead of the version applicable at the time Nali sought his poverty exemption. As a result of this error, the ALJ incorrectly relied on a federally set 2021 poverty level of $12,490. "[T]he correct federal poverty guideline, as published in the Federal Register on January 17, 2020, was $12,760 for a household of one."

Nonetheless, the ALJ properly concluded that [Nali] does not qualify for a Poverty Exemption. Under either law, a taxpayer must meet the poverty guidelines as established by the [USDHHS], or [the city's] alter[n]ative guidelines. Despite [Nali's] contentions, no record evidence shows that prior to the change in the law on December 22, 2020, [the city's] "alternative guideline" was $21,800 for a family of one. As such, the ALJ properly relied on the Federal poverty guidelines. Nali

-3-

does not dispute that [his] income was $16,807, which exceeds that applicable Federal poverty level, $12,760 for the 2020 tax year.

Accordingly, despite the ALJ's error, the MTT concluded that the taxable value of Nali's property for the tax year at issue was $31,765 and that Nali was not entitled to an exemption.

Nali filed a motion for reconsideration, contending that as the city did not respond to his objections to the proposed opinion and order, the MTT was bound to accept his statement that the city's adopted poverty guideline for a family of one was $21,800 in 2020. With his motion for reconsideration, Nali attached a final opinion and judgment from his MTT property tax appeal for tax year 2019. That judgment noted that Nali had presented into evidence "Grosse Pointe Farms Hardship Income Standards for 2019 Assessment Year, Poverty Threshold $21,800." However, Nali still did not present similar evidence for the 2020 assessment year. The MTT denied the motion, reasoning that it was not required to accept Nali's objections as true. Absent palpable error, the MTT reaffirmed its final opinion and order. This appeal followed.

## II. ANALYSIS

On appeal, Nali argues that the federal poverty guidelines should not have been used to determine whether he was entitled to a poverty-based tax exemption because the city did not apply those guidelines until the 2021 tax year. Rather, he insists, the city had previously adopted its own poverty exemption guidelines with a much higher poverty threshold.

"Absent fraud, our review of MTT decisions is limited to determining whether the MTT erred in applying the law or adopted a wrong legal principle." *Vanderwerp v Plainfield Charter Twp*, 278 Mich App 624, 627; 752 NW2d 479 (2008). We review de novo the MTT's interpretation and application of statutory provisions. *Id.* Tax exemptions are "narrowly construed in favor of the taxing authority." *Estate of Schubert v Dep't of Treasury*, 322 Mich App 439, 448; 912 NW2d 569 (2017) (quotation marks and citation omitted). The taxpayer bears the burden of proving his or her entitlement to an exemption by a preponderance of the evidence. *Gardner v Dep't of Treasury*, 306 Mich App 546, 558-559; 858 NW2d 76 (2014), rev'd on other grounds by 498 Mich 1; 869 NW2d 199 (2015). The MTT's factual findings are "conclusive if they are supported by competent, material, and substantial evidence on the whole record." *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 75; 780 NW2d 753 (2010) (quotation marks and citation omitted).

At the time of the property tax assessment in question, MCL 211.7u(2)(e) provided that a taxpayer qualified for a poverty-based property tax exemption if he or she met "the federal poverty guidelines updated annually in the federal register by the [USDHHS] under authority of . . . 42 USC 9902" or if he or she met "alternative guidelines adopted by the governing body of the local assessing unit provided the alternative guidelines do not provide income eligibility requirements less than the federal guidelines." And at the time of the property tax assessment at issue, MCL 211.7u(5) permitted a local board of review to deviate from the local taxing body's guidelines for "substantial and compelling reasons."

The federal poverty guidelines listed in the federal register by the USDHHS for the 2020 tax year listed $12,760 as the poverty guideline for a one-person household in the contiguous 48

states. Federal Register, *Annual Update of the HHS Poverty Guidelines* <https://www.federalregister.gov/documents/2020/01/17/2020-00858/annual-update-of-the-hhs-poverty-guidelines> (accessed March 23, 2023). In his application to the city for a poverty exemption, Nali listed his total household income as $11,149, which is obviously lower than the federal guidelines. However, Nali presented to the city his net business and Social Security income, which actually totaled $16,807. Fully aware of the relevant income figures, the city's July Board of Review reduced the taxable value of Nali's home based on "hardship." And the city later asserted that its decision was not based on a clerical error or a mutual mistake of fact. Rather, the city reviewed the application and determined that Nali qualified for at least a partial exemption.

Nali did not present into evidence the Grosse Pointe Farms Hardship Income Standards for 2020 Assessment Year. That document is no longer available on the city's website. The articles presented by Nali indicate that the city did not adopt the federal poverty guidelines until 2021. Even without the city's actual 2020 policy in hand, however, it is clear that the city had adopted a higher poverty threshold than that set by the federal government. Fully aware of Nali's actual income, and not just the number he listed on the total income line of the application, the city granted a partial poverty exemption. As Nali's income of $16,807 was higher than the federal poverty threshold, the city's decision had to be based on its own poverty income threshold. After all, the city indicated in its MTT answer that its calculations were not based on a clerical error or a mutual mistake.

Despite that the city made a fully informed decision to grant a partial exemption, the MTT declared that Nali's income precluded him from any reduction to his property tax obligation. This decision was not supported by competent, material, and substantial evidence. Moreover, the city did not advocate for this position in its MTT pleading. On remand, the MTT must at least reinstate the partial poverty exemption granted by the city and consider whether a full exemption is supported.

We vacate and remand to the MTT for further proceedings. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien
/s/ Allie Greenleaf Maldonado