KELLY, J.
We granted leave to appeal to determine whether plaintiff has stated a cause of action under MCL 37.2302, the public accommodations provision of the Civil Rights Act (CRA). This case arose when plaintiff, Dr. Gregory Haynes, an African-American physician with staff privileges at Oakwood Hospital-Seaway Center, alleged that defendants treated him differently than similarly situated white physicians on the basis of his race. Plaintiff claims that a result of this different treatment was that he was deprived of the ability and opportunity to fully utilize the medical facilities in violation of the CRA.
Defendants moved for summary disposition of the CRA claims, arguing that plaintiffs allegations did not come within the scope of the act. The trial court rejected defendants’ arguments and denied the motion. A divided Court of Appeals reversed and decided that MCL 37.2302(a) addresses discrimination with respect to services made available only to the public. We disagree. We find that MCL 37.2302 prohibits unlawful discrimination against any individual, not just members of the public. Accordingly, we reverse the judgment of the Court of Appeals and remand this case to the trial court for further proceedings.
FACTS AND PROCEDURAL HISTORY
Plaintiff is a physician licensed in the state of Michigan with specialties in internal medicine and gastroen- *32 terology. In order to care for patients requiring hospitalization, plaintiff has maintained, and still maintains, medical staff membership and clinical privileges at Oakwood Hospital-Seaway Center. Plaintiff is the only African-American staff physician who conducts the majority of his hospital practice at Oakwood. Defendant Oakwood Healthcare, Inc. (Oakwood),[1] is a Michigan nonprofit corporation that does business as Oakwood Hospital-Seaway Center. Defendant Dr. Michael J. Neshewat was the chief of staff at Oakwood.
On October 31, 2001, plaintiff filed his four-count complaint against defendants.[2] In the complaint, he asserted claims for violation of the CRA, tortious interference with business relationships and expectancies, negligence, and conspiracy under the CRA. Plaintiff alleges that defendants have treated him differently than similarly situated physicians on the basis of his race. He claims that he has been subjected to excessive charges of unprofessional behavior and administrative hearings designed to discourage him from using the facilities at Oakwood. He also alleges that defendants have attempted to steal his patients and have disparaged his professional competence in an effort to impair his relationships with patients and other physicians.[3] *33 Plaintiff claims that this discriminatory treatment has deprived him of the ability and opportunity to fully and equally utilize the facilities at Oakwood.
Defendants moved for summary disposition, arguing, among other things, that a hospital is not a place of public accommodation with respect to its decisions concerning staff privileges. The trial court granted defendants’ motion with respect to the claims of negligence and tortious interference with business relationships.[4] Summary disposition was denied on the CRA claims pursuant to MCR 2.116(C)(8). The trial court determined that the CRA’s reach was broad enough to protect plaintiffs privilege to practice medicine without plaintiff suffering racial discrimination within the hospital, a place of public accommodation.
Defendants timely applied for, and were granted, interlocutory review. In a split decision, the Court of Appeals reversed. Unpublished opinion per curiam, issued June 23,2005 (Docket No. 249848). The Court of Appeals majority held that a place of public accommodation exists only through the provision of goods, services, facilities, privileges, advantages, or accommodations to the public. Services and privileges that a facility does not provide to the public, it reasoned, do not implicate the public accommodations provision of the CRA. Therefore, the Court held that a health facility is certainly a place of public accommodation under the CRA in some respects. However, a physician’s complaint concerning his or her private medical staff privileges at a hospital does not come within the purview of the public accommodations provisions.
*34 Judge GRIFFIN dissented. He would have held that the denial of a physician’s full and equal enjoyment of hospital staff privileges because of racial discrimination is prohibited by the CRA. We granted plaintiffs application for leave to appeal. 474 Mich 1000 (2006).
STANDARD OF REVIEW
This case involves a question of statutory interpretation, which we review de novo. Ostroth v Warren Regency, GP, LLC, 474 Mich 36, 40; 709 NW2d 589 (2006). We also review de novo a trial court’s decision on a motion for summary disposition. Id. Defendant’s motion for summary disposition was made pursuant to MCR 2.116(C)(8).[5] In reviewing a ruling made under this court rule, a court tests the legal sufficiency of the plaintiffs complaint by the pleadings alone. Corley v Detroit Bd of Ed, 470 Mich 274, 277; 681 NW2d 342 (2004). The motion should be granted only if no factual development could possibly justify recovery. Beaudrie v Henderson, 465 Mich 124, 130; 631 NW2d 308 (2001).
ANALYSIS
A. INTERPRETING THE STATUTE
We are called on to decide whether plaintiff stated a cause of action under the public accommodations section of the CRA. He alleged that defendants’ discrimi *35 natory behavior deprived him of the opportunity to fully and equally utilize the Oakwood facilities. Two provisions of the public accommodations section are relevant to our inquiry: MCL 37.2301(a) and MCL 37.2302(a). MCL 37.2301(a) defines the phrase “place of public accommodation” while MCL 37.2302(a) lists the rights persons cannot deny individuals in places of public accommodation on the basis of a protected characteristic.
To resolve the issue before us, we must interpret the CRA. The primary goal of statutory interpretation is to give effect to the intent of the Legislature. Ford Motor Co v Woodhaven, 475 Mich 425, 438; 716 NW2d 247 (2006). If the statute is unambiguous, this Court will apply its language as written. Id. When a statute specifically defines a given term, that definition alone controls. Tryc v Michigan Veterans’ Facility, 451 Mich 129, 136; 545 NW2d 642 (1996).
MCL 37.2302 provides in part:
Except where permitted by law, a person shall not:
(a) Deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of religion, race, color, national origin, age, sex, or marital status.
In order to state a claim under MCL 37.2302(a), plaintiff must establish four elements: (1) discrimination based on a protected characteristic (2) by a person, (3) resulting in the denial of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations (4) of a place of public accommodation.
Plaintiff claims that he was discriminated against because of his race. Race is one of the specifically listed *36 protected characteristics. Therefore, this allegation sufficiently establishes the first element. The CRA defines “person” as “an individual, agent, association, corporation, joint apprenticeship committee, joint stock company, labor organization, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, unincorporated organization, the state or a political subdivision of the state or an agency of the state, or any other legal or commercial entity.” MCL 37.2103(g). Both defendant Neshewat and defendant Oakwood fit within this definition. As a result, the second element is also sufficiently established.
In order to establish the third element, plaintiff must have been denied the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations. The CRA does not define these terms. We give undefined terms their ordinary meanings. Koontz v Ameritech Services, Inc, 466 Mich 304, 312; 645 NW2d 34 (2002). A dictionary may be consulted if necessary. Id. Webster’s defines “privilege” as “a right, immunity, or benefit enjoyed by a particular person or a restricted group of persons.” Random House Webster’s College Dictionary (2001).
Plaintiff has staff privileges at Oakwood. These privileges give him the right to use the hospital facilities to treat his patients. Staff privileges are “privileges” because they are a “right” or “benefit” that is enjoyed only by a restricted group of people, in this case doctors. Thus, the full and equal enjoyment of staff privileges is protected by § 302(a). Plaintiff alleged that defendants interfered with his staff privileges and that this denied him the opportunity to fully and equally utilize the facilities. This allegation sufficiently establishes the third element of the statute.
*37 The last remaining inquiry is whether Oakwood is a place of public accommodation.
MCL 37.2301(a) provides in part:
As used in this article:
(a) “Place of public accommodation” means a business, or an educational, refreshment, entertainment, recreation, health, or transportation facility, or institution of any kind, whether licensed or not, whose goods, services, facilities, privileges, advantages, or accommodations are extended, offered, sold, or otherwise made available to the public.
Oakwood provides a full range of health services to the public. It is a “business [or] ... health . .. facility.. . whose goods, services, facilities, privileges, advantages, or accommodations are extended, offered, sold, or otherwise made available to the public.” MCL 37.2301(a). Therefore, Oakwood qualifies as a place of public accommodation. See Whitman v Mercy-Memorial Hosp, 128 Mich App 155; 339 NW2d 730 (1983). As a result, all four elements of the statute are sufficiently established and plaintiff has stated a cause of action under the CRA.
B. MCL 37.2302(a) PROTECTS INDIVIDUALS, NOT MEMBERS OF THE PUBLIC
Defendants argue, and the Court of Appeals majority agreed, that plaintiff states a claim under § 302(a) only if he alleges that he was deprived of goods, services, facilities, privileges, advantages, or accommodations that were made available to the public. According to defendants, even if there has been an interference with plaintiffs ability to practice as a physician at Oakwood, plaintiff has not stated a cause of action. They reason that the practice of medicine is not a privilege offered to the public. We reject this interpretation because it is contrary to the language of the statute.
*38 MCL 37.2302(a) protects the rights of individuals.[6] Individuals, not members of the public, are protected from the denial of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations. Nowhere within the wording of § 302(a) is it required that the goods, services, facilities, privileges, advantages, or accommodations be offered to the public. We will not read into the statute a limitation that is not there. We hold that MCL 37.2302(a) forbids unlawful discrimination against any individual in a place of public accommodation, not just against members of the public.
C. KASSAB
The defendants argue that this case is controlled by our decision in Kassab v Michigan Basic Prop Ins Ass’n, 441 Mich 433; 491 NW2d 545 (1992). In Kassab, this Court decided that the CRA did not provide a remedy for discriminatory processing of insurance claims. Id. at 442. The Court concluded that, even if the insurance company was a “ ‘[pjlace of public accommodation,’ ” the CRA did not extend beyond “ ‘services . . . made available to the public’ ” and so did not provide a cause of action to Mr. Kassab. Id. at 440-441. It held that, as long as the company provided access to services, the CRA did not prevent it from discriminating in providing full and equal enjoyment of those services. Id. at 441. *39 We conclude that the Court in Kassab erred by reading nonexistent limitations into the statute. To the extent that Kassab can be read to limit the CRA inconsistently with our holding today, it is overruled.
We are mindful of the doctrine of stare decisis and do not take lightly our decision to overrule Kassab. In Robinson v Detroit,[7] we discussed stare decisis and the factors to be considered when deciding whether to overrule a prior decision. When evaluating the factors, the first question we ask is whether the earlier decision was wrongly decided. Id. at 464. As we discussed previously, Kassab was wrongly decided. The Court erred by reading a nonexistent limitation into the statute.
Finding that a prior decision was wrongly decided is not the end of our inquiry. We must also weigh the effects of overruling the decision. Id. at 466. This consideration involves a review of whether the decision “defies ‘practical workability,’ whether reliance interests would work an undue hardship, and whether changes in the law or facts no longer justify the questioned decision.” Id. at 464.
We find that there are no factors that counsel against overruling Kassab. Kassab held that the CRA does not provide a cause of action for discriminatory processing of insurance claims. The fact that some parties may rely on a decision to protect them from civil liability for discriminatory behavior is not a reason to uphold an erroneous decision. This is especially true when the prior decision involves the interpretation of the CRA. The CRA implements the equal protection and antidis-crimination guarantees of the Michigan Constitution. It would be inconsistent with these constitutional guarantees to uphold an erroneous interpretation of the CRA.
*40 conclusion
The public accommodations provision of the CRA, MCL 37.2302, does not limit its prohibition against discrimination to members of the public. Rather, § 302(a) prohibits unlawful discrimination against any individual’s full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation.
Plaintiff is a physician with staff and clinical privileges at Oakwood. By alleging that defendants’ discriminatory behavior deprived him of the opportunity to fully utilize the Oakwood medical facilities, plaintiff stated a cause of action under the CRA. The judgment of the Court of Appeals is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.
Reversed and remanded.
Taylor, C.J., and Cavanagh, Weaver, Corrigan, YOUNG, and MArkMAN, JJ., concurred with KELLY, J.

 Unless it is necessary to distinguish between the two, both OakwoodSeaway Center and Oakwood Healthcare, Inc., will be referenced as Oakwood.

 The complaint named as defendants Oakwood Healthcare, Inc.; Dr. Michael Neshewat; Dr. Robert Murray; and Brian Peltz. Before the filing of defendants’ motion for summary disposition, Mr. Peltz and Dr. Murray were dismissed from the action by stipulation of the parties. Dr. Neshewat faded to appear or plead and a default judgment was entered against him. Defendants opposed plaintiffs motion for entry of a default judgment, thereby preserving the right to challenge the trial court’s decision granting the default judgment.

 Plaintiffs medical practice is largely dependent on referrals by patients and other physicians. Plaintiff claims that defendant Neshewat *33 intimidated other physicians in an attempt to cause them to stop referring patients to him. Plaintiff alleges that he has been singled out for this treatment because of his race.

 Plaintiff did not appeal from this ruling.

 MCR 2.116(C)(8) provides:
(C) Grounds. The motion may be based on one or more of these grounds, and must specify the grounds on which it is based:
(8) The opposing party has failed to state a claim on which relief can be granted.

 MCL 37.2302 provides in part:
Except where permitted by law, a person shall not:
(a) Deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of religion, race, color, national origin, age, sex, or marital status. [Emphasis added.]

 462 Mich 439; 613 NW2d 307 (2000).