# STATE OF MICHIGAN

# COURT OF APPEALS

MARK ROGER EICHORN,

       Plaintiff-Appellee/Cross-Appellant,

v

MICHAEL MARSH,

       Defendant-Appellant/Cross-
       Appellee.

UNPUBLISHED
December 18, 2014

No. 318281
Genesee Circuit Court
LC No. 12-098504-CL

Before: O'CONNELL, P.J., and BORRELLO and GLEICHER, JJ.

PER CURIAM.

This case arises from the underlying arrest and detention of plaintiff Mark Eichorn by defendant Genesee County sheriff's deputy Michael Marsh on two charges of felonious assault. The charges were later dismissed. Defendant appeals as of right the trial court's order granting in part and denying in part his motion for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10). Plaintiff cross-appeals as of right from the same order. We affirm in part and reverse in part.

## I. SUMMARY OF FACTUAL AND PROCEDURAL BACKGROUND

On March 21, 2012, plaintiff confronted two African American individuals who were viewing a house for sale.[1] In order to access the house, the individuals had apparently trespassed across plaintiff's neighbor's property. Plaintiff's neighbor called 9-1-1 to report the trespass and then called plaintiff, who arrived a short time later with two of his sons. Sometime during the incident, the individuals attempted to leave the property they had been viewing. However, access off the property was blocked by plaintiff and plaintiff's neighbor.

Plaintiff indicated that he stood in front of the trespassers' vehicle and told them that they had to wait for the police to arrive. He said that the driver than accelerated forward, hitting his

---

[1] In order to access the property for sale, prospective buyers had to cross either plaintiff's or plaintiff's neighbor's property.

-1-

legs and forcing him to quickly jump onto the hood of the car. Plaintiff said that the driver then accelerated a second time, forcing him to backpedal at about 8 to 10 miles per hour. He said that when it appeared as if he was going to get run over, he managed to pull out his firearm and point it over the hood of the car. He explained that he absolutely intended to use the gun and that he was in fear for his life when he pulled the gun. He said that the driver stopped immediately. Plaintiff's story was generally corroborated by his neighbor and his sons. The individuals driving the car, however, apparently reported that plaintiff acted as if they hit him with their vehicle. They also apparently reported that plaintiff had pointed a gun at them when they were trying to leave.

After ascertaining what occurred on the scene,[2] defendant chose to arrest plaintiff for felonious assault based on the fact that he had pointed a gun at two individuals who were trying to leave his property. He did not arrest the driver of the vehicle because he did not believe that the driver had committed a felonious assault against plaintiff; however, he acknowledged that if the driver had intentionally struck plaintiff with his vehicle it could constitute felonious assault. Before arresting plaintiff, defendant consulted with his supervisor over the phone and with another officer at the scene; both apparently agreed with his arrest decision. Further, a different police detective submitted the case to the prosecuting attorney's office,[3] who decided to proceed with the charges against plaintiff. The case was eventually dismissed, apparently because some people failed to show up for the preliminary examination.

## II. STANDARD OF REVIEW

This Court reviews a trial court's decision regarding a motion for summary disposition de novo. *Coblentz v City of Novi*, 475 Mich 558, 567; 719 NW2d 73 (2006). In reviewing a motion for summary disposition under MCR 2.116(C)(10), a court considers "affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in the light most favorable to the party opposing the motion." *Greene v A P Prods, Ltd*, 475 Mich 502, 507; 717 NW2d 855 (2006) (internal quotations and citations omitted). The motion for summary disposition "tests the factual support for a claim and should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 280; 807 NW2d 407 (2011). A genuine issue of material fact exists if the record, viewed in a light most favorable to the nonmoving party, establishes a matter in which reasonable minds could differ. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). Further, the court may not make factual findings on disputed factual issues during a motion for summary disposition and may not make credibility determinations. *Burkhardt v Bailey*, 260 Mich App 636, 647; 680 NW2d 453 (2004).

---

[2] The record evidence demonstrates that defendant interviewed plaintiff, the individuals in the vehicle, and plaintiff's neighbor.

[3] Plaintiff testified at his deposition that he had been told by the detective in charge that there were no grounds for arrest, but that he later learned that the detective had submitted the case to the prosecuting attorney with a recommendation that a warrant be issued.

III.  FALSE ARREST, FALSE IMPRISONMENT, AND MALICIOUS PROSECUTION

Defendant first argues that the trial court erred in denying his motion for summary disposition of plaintiff's false arrest, false imprisonment, and malicious prosecution because the claims were barred by governmental immunity and because the undisputed facts established that there was probable cause to support defendant's arrest decision.  We address the latter first.

A.  PROBABLE CAUSE

"To prevail on a claim of false arrest or false imprisonment, a plaintiff must show that the arrest was not legal, i.e., the arrest was not based on probable cause."  *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 18; 672 NW2d 351 (2003).  "If the arrest was legal, there has not been a false arrest or a false imprisonment."  *Id.*  "Probable cause is not capable of being precisely defined; rather, it is a commonsense concept dealing with practical considerations of everyday life that must be viewed from the perspective of reasonable and prudent persons, not legal technicians."  *Id.* at 19.  Probable cause that a particular person has committed a crime "is established by a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious person in the belief that the accused is guilty of the offense charged."  *Id.*  "Where the facts are undisputed, the determination whether probable cause exists is a question of law for the court to decide."  *Id.* at 18.  In this case, there is no dispute about three key facts.  First, plaintiff blocked the individuals in the car from leaving the property by standing in front of them.  Second, at some point plaintiff pointed a loaded gun at the individuals in the car.  Finally, plaintiff testified that he absolutely intended to use his gun and that after pulling it the individuals immediately stopped their car.  Accordingly, the elements of felonious assault were arguably satisfied by the undisputed facts.[4]

Further, although plaintiff argues there was no probable cause for the arrest because he pointed the gun in self-defense, the assertion of an affirmative defense does not negate the elements of a crime.  *People v Lemons*, 454 Mich 234, 246 n 15; 562 NW2d 447 (1997); see also *People v Brown*, 297 Mich App 670, 677-678; 825 NW2d 91 (2012) ("Defendant has presented no authority indicating that for probable cause to exist, there must be a substantial basis for inferring that defenses do not apply.").  Plaintiff further argues that defendant did not have a good faith belief that he had probable cause for the arrest where defendant ignored plaintiff's version of the events.  However, defendant was not required to believe plaintiff's version of the events.  Although a suspect's explanation of suspicious behavior is a factor the police may take into consideration when making a probable cause determination, an officer "is under no obligation to give any credence to a suspect's story nor should a plausible explanation in any sense require the officer to forego arrest pending further investigation if the facts as initially discovered provide probable cause."  *Criss v City of Kent*, 867 F2d 259 (CA 6, 1988); *People v Mitchell*, 138 Mich App 163, 168-169; 360 NW2d 158 (1984) ("The possibility that some

---

[4] "The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery."  *People v Chambers*, 277 Mich App 1, 8; 742 NW2d 610 (2007).

innocent explanation might exist does not deprive an officer of probable cause to arrest."). Accordingly, on this record, plaintiff failed to demonstrate a genuine issue of fact for trial with respect to whether there was probable cause for his arrest, so the trial court erred in denying defendant's motion for summary disposition of the false arrest and false imprisonment claims under MCR 2.116(C)(10).

Similarly, we conclude that the trial court erred in denying defendant's motion for summary disposition of plaintiff's malicious prosecution claim under MCR 2.116(C)(10). When a malicious prosecution claim is alleged against a police officer, "the only situation in which an action for malicious prosecution would properly lie is where a police officer knowingly swears to false facts in a complaint, without which there is no probable cause." *Payton v Detroit*, 211 Mich App 375, 395; 536 NW2d 233 (1995). "Failure to include all exculpatory facts is not adequate to sustain a suit for malicious prosecution." *Id*. Here, the record shows that a different officer swore to the complaint. Accordingly, defendant was entitled to summary disposition of the malicious prosecution claim under MCR 2.116(C)(10).

## B. GOVERNMENTAL IMMUNITY

MCR 2.116(C)(7) permits summary disposition where a claim is barred by immunity granted by law. When reviewing a motion brought under MCR 2.116(C)(7), the court must accept the contents of the complaint "as true unless contradicted by documentation submitted by the movant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). If there is no factual dispute, then whether a plaintiff's claim is barred by governmental immunity is a question of law. *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008). Summary disposition is not appropriate under MCR 2.116(C)(7) if a factual dispute exists. *Id*.

A government employee has qualified immunity for intentional torts. MCL 691.1407(3); *Odom v Wayne Co*, 482 Mich 459, 461, 472; 760 NW2d 217 (2008). To be entitled to this immunity, "[a] governmental employee must raise governmental immunity as an affirmative defense and establish that (1) the employee's challenged acts were undertaken during the course of employment and that the employee was acting, or reasonably believed he was acting, within the scope of his authority, (2) the acts were undertaken in good faith, and (3) the acts were discretionary, rather than ministerial, in nature." *Id*. at 461.

The "good faith" standard is satisfied where the governmental employee does not act "*maliciously* or with a *wanton or reckless disregard of the rights of another*." *Id*. at 474 (emphasisi in original). Further, the "good-faith element of the . . . test is subjective in nature" and "protects a defendant's honest belief and good-faith conduct with the cloak of immunity while exposing to liability a defendant who acts with malicious intent." *Id*. at 481-482. Here, plaintiff argues that a question of fact existed with respect to whether defendant acted in good faith in arresting him. The facts, viewed in the light most favorable to plaintiff show that defendant was upset that plaintiff summoned the police to the scene in response to trespassers, that he did not interview plaintiff's sons, that he did not include everything plaintiff's neighbor told him in his police report, that he did not arrest the driver, even though according to plaintiff's version of events the driver intentionally tried to run him over, and that he decided to arrest plaintiff at the scene rather than first seeking an arrest warrant. However, this evidence does not

-4-

demonstrate that defendant acted with malice. In fact, the facts show that defendant consulted with at least two officers before making his arrest decision. The facts show that he interviewed plaintiff, plaintiff's neighbor, and the individuals from the car. The police report shows that he included the version of events articulated by both plaintiff and the trespassers. The record also shows that, based on the interviews, defendant believed that plaintiff had committed a crime, but that the individual driving the car did not. Further, his finding of probable cause to arrest plaintiff is supported by the record, as indicated supra. It does not follow that defendant's actions somehow rise to a malicious level simply because he did not also choose to arrest the driver of the vehicle that struck plaintiff. Instead, viewing the evidence in the light most favorable to plaintiff, we conclude that the evidence does not show that defendant acted "maliciously or with a wanton or reckless disregard of the rights of another." *Id*. at 474. Accordingly, the trial court erred in denying defendant's motion for summary disposition pursuant to MCR 2.116(C)(7).

## IV. RACIAL DISCRIMINATION

Finally, on cross-appeal, plaintiff argues that the trial court erred in granting defendant's motion for summary disposition of the racial discrimination claim on the basis that questions of fact existed with respect to defendant's motive for the arrest. We disagree.

Plaintiff's racial discrimination claim was based on MCL 37.2302(a), which provides:

> Except where permitted by law, a person shall not:
>
> (a) Deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of religion, race, color, national origin, age, sex, or marital status.

In order to state a claim under MCL 37.2302(a), a plaintiff must establish four elements: (1) discrimination based on a protected characteristic (2) by a person, (3) resulting in the denial of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations (4) of a place of public accommodation" or public service. *Haynes v Neshewat*, 477 Mich 29, 35; 729 NW2d 488 (2007). "In a discrimination action based on disparate treatment, the plaintiff has the initial burden to establish the existence of illegal discrimination, either through direct or indirect circumstantial evidence." *Moon v Mich Reproductive & IVF Center, PC*, 294 Mich App 582, 593; 810 NW2d 919 (2011). "Proof of discriminatory motive is required in order to establish a prima facie case of disparate treatment." *Id.* at 593-594 (alteration omitted). If the plaintiff meets his or her initial burden, then the defendant must show a legitimate reason for his or her actions. *Clarke v K Mart Corp*, 197 Mich App 541, 545; 495 NW2d 820 (1992). "If the defendant does so, plaintiff must then show that the reason[s] proffered are a mere pretext by showing that they lack credibility or that a discriminatory motive was a more likely reason for the action." *Id.*

Plaintiff claims that he was discriminated again because of his race. Specifically, he asserts that he was arrested instead of the driver of the vehicle because he is white, whereas the driver of the vehicle and defendant are African American. Defendant asserts that he can

establish discrimination by showing disparate treatment. He argues that he was similarly situated to the individual in the other car because they were both part of the same incident, they were both suspected of having committed felonious assault, and the arrest decision for both men rested with defendant. However, to establish that he was similarly situated with the individual in the vehicle, plaintiff had to show that his situation was "nearly identical" to the situation of the individual in the car. See *Smith v Goodwill Indus of West Mich, Inc*, 243 Mich App 438, 449; 622 NW2d 337 (2000). This plaintiff has failed to do. Unlike the driver of the vehicle, plaintiff used a loaded gun and initiated the encounter by preventing the individuals from leaving the property. Further, we note that, using plaintiff's logic, anytime two individuals of different races engaged in a bar fight and only one of them was arrested, the arrested individual would be able to claim disparate treatment. Thus, where the facts viewed in the light most favorable to plaintiff clearly showed that defendant had probable cause to arrest plaintiff, and where plaintiff cannot establish that decision was based on racial motivations, we hold the trial court did not err in granting summary disposition on plaintiff's racial discrimination claim in favor of defendant under MCR 2.116(C)(10).

## V. CONCLUSION

In conclusion, we affirm the trial court's grant of summary disposition of plaintiff's racial discrimination claim in favor of defendant under MCR 2.116(C)(10), and we reverse the trial court's denial of defendant's motion for summary disposition of plaintiff's claims for false arrest, false imprisonment, and malicious prosecution under MCR 2.116(C)(7) and (C)(10) and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Stephen L. Borrello
/s/ Elizabeth L. Gleicher