# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN MADSEN, also known as JACK
MADSEN, and LINDA MADSEN,

       Plaintiffs-Appellants,

v

HOLLAND ALANO ASSOCIATION and
HOLLAND ALANO ASSOCIATION BOARD
OF DIRECTORS,

       Defendants-Appellees.

UNPUBLISHED
February 16, 2017

No. 330899
Allegan Circuit Court
LC No. 15-054736-CZ

Before: MURPHY, P.J., and SAWYER and SWARTZLE, JJ.

PER CURIAM.

Plaintiffs appeal from an order of the circuit court granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(8) (failure to state a claim). We affirm.

Plaintiffs' complaint alleges that they are members of the defendant non-profit association and that an "actual controversy exists between the plaintiffs and the defendants with regards to the proper operation of the Holland Alano Association." Specifically, plaintiffs allege that, contrary to the Association's Articles of Incorporation and By-Laws, defendants improperly entered into an agreement to rent their facilities to Narcotics Anonymous.[1] A motion was made and passed at the group's annual meeting to amend the Articles of Incorporation to add Narcotics Anonymous to the listing of groups by whom the facilities could be used. Plaintiffs challenge whether a quorum was actually present at the meeting.

As the dispute escalated, plaintiff Jack Madsen unsuccessfully petitioned to have the board of directors recalled from office. At that same meeting, he was informed that his membership was being suspended for two years because of his activities to stop the amendment of the Articles of Incorporation to prevent NA from use of the premises. Plaintiffs filed the instant action the next day.

---

[1] According to plaintiffs, the facility can only be used by Alcoholics Anonymous, AlAnon, and AlAteen.

Defendants moved for summary disposition on multiple grounds. The trial court denied summary disposition under MCR 2.116(C)(4) (lack of subject matter jurisdiction) and MCR 2.116(C)(5) (lack of capacity to sue), but granted summary disposition under MCR 2.116(C)(8) (failure to state a claim). Plaintiffs appeal and we affirm.

Plaintiffs raise three arguments on appeal. First, with respect to plaintiff Jack Madsen's claim that his membership was improperly suspended, plaintiffs argue that the trial court erred in granting summary disposition on the basis that he failed to appeal the suspension to the entire membership as permitted by the by-laws. Second, plaintiffs argue that the trial court erred in dismissing plaintiffs' claims based upon action being taken at meetings that lacked a quorum. And, third, plaintiffs argue that the trial court erred in dismissing plaintiffs' claims based upon defendants acting in contravention of the restrictions in the Articles of Incorporation that its facilities are to be used solely to "effect the rehabilitation of alcoholics." Our review of the grant of summary disposition under MCR 2.116(C)(8) is de novo. *Haynes v Neshewat*, 477 Mich 29, 34; 729 NW2d 488 (2007). Moreover, in "reviewing a ruling made under this court rule, a court tests the legal sufficiency of the plaintiff's complaint by the pleadings alone." *Id.*

The problem with plaintiffs' arguments on appeal is that they largely ignore the basis that the trial court granted summary disposition. Instead, plaintiffs wish to merely argue the merits of their grievances against defendants. But plaintiffs never adequately address the central theme of the trial court's holding: that, in order for plaintiffs to successfully bring this action, they must allege, and ultimately be able to prove, that defendants acted fraudulently and illegally. As the trial court points out in its opinion, plaintiffs simply fail to do so. Nor do they do so on appeal. Ultimately, plaintiffs were on the losing side of a policy decision made by the organization regarding an issue that they obviously feel very strongly about. But that does not establish a cause of action.

Moreover, we note that plaintiffs' complaint literally fails to state a claim. By its own labelling, it contains two counts. But "Count I" is merely the statement of facts[2] and is mislabeled as a "count." Count II is titled "Declaratory Relief and Damages," but it too merely contains a recitation of facts and identifies no actual cause of action. These two "counts" are then followed by a prayer for relief. Therefore, aside from the reasons given by the trial court, summary disposition under MCR 2.116(C)(8) was appropriate because plaintiffs fail to state any claim, much less one upon which relief may be granted. In short, we have tested the legal sufficiency of plaintiffs' complaint and it is lacking.

Affirmed. Defendants may tax costs.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Brock A. Swartzle

---

[2] Indeed, it is even titled "Facts."

-2-