# STATE OF MICHIGAN

# COURT OF APPEALS

CITIZENS INSURANCE COMPANY OF
AMERICA,

        Plaintiff-Appellant,

v

UNIVERSITY PHYSICIAN GROUP, WILLIAM
ERNEST SULLIVAN, HENRY FORD HEALTH
SYSTEM, also known as HENRY FORD
HOSPITAL, and OAKWOOD HEALTHCARE,
INC., also known as OAKWOOD HOSPITAL and
OAKWOOD HOSPITAL AND MEDICAL
CENTER,

        Defendants-Appellees,

and

FEINBERG CONSULTING, INC.,

        Defendant.

FOR PUBLICATION
May 23, 2017
9:10 a.m.

No.   328553
Wayne Circuit Court
LC No.   14-004915-NF

Before:  STEPHENS, P.J., and SAAD and METER, JJ.

STEPHENS, P.J.

Plaintiff Citizens Insurance Company of America appeals three orders as of right.  They are orders granting summary disposition in favor of defendants University Physician Group (UPG), Oakwood Healthcare, Inc. (Oakwood), and Henry Ford Health System (Henry Ford) pursuant to MCR 2.116(C)(7).  We affirm.

## I.  FACTS

On August 2, 2009, William Sullivan was injured in an automobile accident while driving an uninsured 1999 Ford F-150 truck that was registered to Leonardo Terriquez-Bernal.  Sullivan applied for no-fault insurance benefits with the Michigan Assigned Claims Facility and his claim was assigned to plaintiff.  Plaintiff then hired Data Surveys to investigate whether Sullivan was entitled to no-fault benefits.  Plaintiff's investigator reported that Sullivan participated in an unsworn interview and made unsworn written statements in which he denied

-1-

having any personal automobile insurance and claimed to be an occasional permissive user of the vehicle to which he had no keys. He further denied that he and the vehicle's registered owner, Terriquez-Bernal, had any specific agreements about this occasional use, that the vehicle was never garaged at his home, and that he was not responsible for any payments relative to the vehicle. On November 24, 2009, plaintiff determined that Sullivan was entitled to no-fault benefits and extended those benefits to Sullivan.

On August 8, 2012, plaintiff filed a lawsuit against Terriquez-Bernal for reimbursement. In response to plaintiff's motion for summary disposition in that suit, Terriquez-Bernal submitted an April 16, 2013 affidavit from Sullivan, which stated:

> 2. I purchased the 1999 Ford F150 when it was new and was the title owner until July, 2008, when I sold the vehicle to Defendant Leonard Terriquez-Bernal ("Defendant") for one dollar.
>
> 3. Essentially, I needed to have the vehicle title in Defendant's name.
>
> 4. From July, 2008, until August 2, 2009, the date of the accident, I used and possessed the 1999 Ford F150 white truck as if I was the owner.
>
> 5. At the time of the accident, I did not have no fault insurance on the 1999 Ford F150 white truck.

Thereafter, on July 12, 2013, plaintiff deposed Terriquez-Bernal. During the deposition, Terriquez-Bernal stated that he transferred the title and registration of the F-150 into his name as a favor to Sullivan, apparently because Sullivan no longer had a driver's license or the identification required to register the vehicle. Terriquez-Bernal said that he was Sullivan's next-door neighbor when this occurred, and that after transferring the title and registration into his name he never took possession of the vehicle, drove the vehicle, or had the keys to the vehicle. Thus, according to Sullivan's affidavit and Terriquez-Bernal's deposition, Sullivan was the actual owner of the uninsured vehicle involved in the accident.[1] He was therefore never entitled to no-fault benefits.[2]

---

[1] "MCL 500.3101(2)(h)(i) defines the term 'owner' for purposes of the no-fault act to include '[a] person renting a motor vehicle or having the use thereof, under a lease or otherwise, for a period that is greater than 30 days.' " *Detroit Med Ctr v Titan Ins Co*, 284 Mich App 490, 491; 775 NW2d 151 (2009). See *Ardt v Titan Ins Co*, 233 Mich App 685, 690; 593 NW2d 215 (1999) (Holding that " 'having the use' of a motor vehicle for purposes of defining 'owner,' M.C.L. § 500.3101(2)(g)(i); MSA 24.13101(2)(g)(i), means using the vehicle in ways that comport with concepts of ownership.").

[2] "A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed: . . . (b) The person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by section 3101 or 31031 was not in effect." MCL 500.3113(b).

On April 15, 2014, plaintiff filed the instant suit against Sullivan and four medical care providers who had treated Sullivan for his accident-related injuries, seeking reimbursement for payments made pursuant to its mistaken belief that Sullivan was entitled to no-fault benefits.[3] Oakwood filed a motion for summary disposition asserting that plaintiff's claims against it were barred by the limitations period set forth in MCL 500.3175(3), which is applicable to actions to enforce rights to indemnity or reimbursement against third parties. Henry Ford filed an essentially identical motion. In response, plaintiff asserted that the limitations period in MCL 500.3175(3) was inapplicable, that the six-year statute of limitations set forth in MCL 600.5813 for "[a]ll other personal actions" applied, and, thus, that the motions should be denied. Plaintiff further asserted that it was entitled to summary disposition under MCR 2.116(I)(2) and 2.116(C)(10) (no genuine issue of material fact).

After conducting a hearing on the motions, the trial court granted summary disposition for Oakwood and Henry Ford and dismissed plaintiff's complaint against Oakwood and Henry Ford pursuant to MCR 2.116(C)(7) (statute of limitations). Thereafter, UPG filed a motion for summary disposition asserting, as did Oakwood and Henry Ford, that plaintiff's claim against it was barred by the limitation period set forth in MCL 500.3175(3). Plaintiff filed a motion for reconsideration of the decision to grant summary disposition to Oakwood and Henry Ford.

After conducting a hearing on UPG's motion, the trial court granted summary disposition to UPG and dismissed plaintiff's complaint against UPG pursuant to MCR 2.116(C)(7). The trial court also denied plaintiff's motion for reconsideration, finding that it involved the same issues and demonstrated no palpable error. This appeal followed.

II. ANALYSIS

Our resolution of this case depends upon statutory interpretation. If MCL 500.3175(3) applies, plaintiff's claims are time-barred because it is undisputed that plaintiff failed to file the instant suit within the limitations period of MCL 500.3175(3). On the contrary, if MCL 600.5813 applies, then the claims are timely, as it is undisputed that plaintiff filed the instant suit within the limitations period of MCL 600.5813.

This Court reviews de novo a trial court's ruling on a motion for summary disposition as well as the legal question of whether a cause of action is barred by a statute of limitations. *Id*. "Which statute of limitations applied, whether the limitations period was tolled, and when the limitations period ended are questions of law." *Prentis Family Foundation v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 46; 698 NW2d 900 (2005). Pursuant to MCR 2.116(C)(7), a party may be entitled to summary disposition if a statute of limitations bars the claim. *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App

---

[3] One provider, Feinberg Consulting Inc., is no longer a party to this appeal because plaintiff and Feinberg reached a settlement and this Court entered an order by stipulation dismissing the appeal against Feinberg. *Citizens Ins Co of America v Univ Physicians Group*, unpublished order of the Court of Appeals, entered January 15, 2016 (Docket No. 328553). Sullivan, who the trial court entered a default judgment against on June 26, 2015, is also not involved in this appeal.

264, 278; 769 NW2d 234 (2009). In deciding a motion under MCR 2.116(C)(7), the court considers all documentary evidence submitted by the parties in the light most favorable to the nonmoving party. *Id.* This Court also reviews de novo questions of statutory interpretation. *Ford Motor Co v Woodhaven*, 475 Mich 425, 438; 716 NW2d 247 (2006).

MCL 600.5813 contains a "general" six-year limitation period. It states:

> All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes.

MCL 500.3175(3) is a specific statute of limitation addressing lawsuits for indemnification and reimbursement under Michigan's assigned claims system. *Allstate Ins Co v Faulhaber*, 157 Mich App 164, 166; 403 NW2d 527 (1987). It provides:

> An action to enforce rights to indemnity or reimbursement against a third party shall not be commenced after the later of 2 years after the assignment of the claim to the insurer or 1 year after the date of the last payment to the claimant.

The primary goal of statutory interpretation is to identify and give effect to the intent of the Legislature. *Booker v Shannon*, 285 Mich App 573, 575; 776 NW2d 411 (2009). If the language employed by the Legislature is unambiguous, the Legislature is presumed to have intended the meaning clearly expressed, and this Court must enforce the statute as written. *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 202; 731 NW2d 41 (2007). If "a statute specifically defines a term, that definition alone controls." *Haynes v Neshewat*, 477 Mich 29, 35; 729 NW2d 488 (2007). Undefined terms are given their plain and ordinary meanings. *Id.* at 36. Legal or technical words are presumed to be used according to their peculiar and appropriate meaning. MCL 8.3a.[4] "A dictionary may be consulted if necessary." *Haynes*, 477 Mich at 36. The gravamen of plaintiff's lawsuit is clearly an "action to enforce rights" under the No-Fault Insurance Act, MCL 500.3101, *et seq*. However, the crucial terms of the rest of the statute, *indemnity*, *reimbursement*, and *third party* are not defined in the statute.[5] MCL 500.3175(3).

Webster's defines "indemnity" as "repayment or reimbursement for loss, damage, etc.; compensation." *Webster's New World Dictionary of the American Language (2d College Ed)*, p 714. It defines "repay" as "to pay back (money); refund." *Id.*, p 1204. It defines "reimburse" as

---

[4] MCL 8.3a provides, as follows:

> All words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.

[5] We note that plaintiff, in its brief on appeal and in its pleadings below, never actually looks at the language of this statute or attempts to provide any analysis of it for this Court. In its brief on appeal it simply stated, "the statute of limitations contained in MCL 500.3175(3) is not applicable to this matter" and that "MCL 500.3175 is not applicable to this lawsuit."

"to pay back (money spent)" and "to repay or compensate (a person) for expenses, damages, losses, etc." *Id.*, p 1197.  As for *Black's Law Dictionary*, it defines "indemnity" as follows:

> **1.** A duty to make good any loss, damage, or liability incurred by another. . . . **2.** The right of an injured party to claim reimbursement for its loss, damage, or liability from a person who has such a duty.  **3.** Reimbursement or compensation for loss, damage, or liability in tort; esp., the right of a party who is secondarily liable to recover from the party who is primarily liable for reimbursement of expenditures paid to a third party for injuries resulting from a violation of a common-law duty. [*Black's Law Dictionary* (8th ed), p 837.]

*Black's* defines "reimbursement" as "[r]epayment" and "[i]ndemnification." *Id.*, p 1399.  As for "third party," *Black's* defines it as "[a] person who is not a party to a lawsuit, agreement, or other transaction but who is usu. somehow implicated in it; someone other than the principal parties." *Id.*, p 1617.

In its complaint, plaintiff set forth two counts against the medical provider defendants, count two and count four.[6]  It did not plead any fraud against the medical providers nor did it assert that they misrepresented any facts in relation to this matter.  All assertions of misrepresentation and fraud were against Sullivan.  We agree with plaintiff that the general statute of limitations period of six years is applicable to the claims of fraud and misrepresentation.  For the second count, "payment under mistake of fact," plaintiff in its final paragraph states that it "is entitled to *reimbursement* of the payments made to each of the Defendants to the extent of the amount of benefits paid to each of them." (Emphasis added).  For the fourth count, "unjust enrichment," plaintiff in its final paragraph states that it "paid in excess of $200,000.00 in No Fault benefits to or on behalf of William Ernest Sullivan including loss adjustment costs, attorney fees and interest to which it is entitled to *reimbursement*." (Emphasis added).  Looking at the complaint and the above definitions related to MCL 500.3175(3), we conclude that the action filed by plaintiff is one "to enforce rights to indemnity or reimbursement against a third party." MCL 500.3175(3).  Plaintiff paid defendants for the medical services they provided to Sullivan.  Plaintiff in this suit now seeks to recover from defendants the amounts it paid; that is, plaintiff wants the medical providers to "repay" or "pay back" or "refund" the

---

[6] Plaintiff listed four counts in its complaint:  (1) "reimbursement of no-fault benefits under the Michigan no-fault act" against Sullivan only, (2) "payment under mistake of fact," (3) "fraud," and (4) "unjust enrichment."  For the last three counts, plaintiff refers to the medical provider defendants and requests judgments against them.  However, although plaintiff requests a judgment against the medical provider defendants with respect to the "fraud" count, it does not mention the medical provider defendants anywhere else in that section or allege that they committed any fraud.  Thus, the fraud count does not actually apply to the medical provider defendants.  It applies only to Sullivan, who allegedly committed fraud in his application for benefits and in the statements he made to plaintiff.  Plaintiff seems to implicitly acknowledge this, because in its brief on appeal, in the section where it asserts that the trial court should have granted it summary disposition, it does not mention the "fraud" claim and only discusses its "payment under mistake of fact" and "unjust enrichment" claims.

money plaintiff gave them for the care they provided to Sullivan. Plaintiff alleges that it has a right to repayment against defendants and in this suit it simply seeks to enforce that right to repayment against defendants. Notably, for the second and fourth count in its complaint, plaintiff actually uses the word "reimbursement" to describe what it is seeking from the medical providers, which is the exact same word that is used in MCL 500.3175(3). Plaintiff does the same thing in its first question presented in this appeal, writing that the court barred its "claim seeking *reimbursement* of no-fault benefits paid on behalf of the claimant." (Emphasis added). Finally, the term "third party" is broad enough that it would appear to include the medical provider defendants who provided services to Sullivan and received from plaintiff payments for those services based upon Sullivan's relationship to the assigned claims plaintiff. In any event, plaintiff has never argued that the medical providers are not "third parties" as that term is used in MCL 500.3175(3).

Because plaintiff's lawsuit is an action "to enforce rights to indemnity or reimbursement against a third party," MCL 500.3175(3), it is subject to the limitations period in MCL 500.3175(3). Further, the trial court did not err in granting summary disposition to defendants and dismissing plaintiff's claim on the ground that plaintiff did not bring its claim within the limitations period set forth in MCL 500.3175(3). For that same reason, plaintiff's argument that the trial court should have granted it summary disposition and that it erred by not doing so is without merit. Plaintiff was not entitled to summary disposition because it did not bring its claim within the limitations period set forth in MCL 500.3175(3).

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Henry William Saad
/s/ Patrick M. Meter