*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARSETH LUVENE,

        Plaintiff-Appellant,

v

PRO CARPENTRY, LLC,

        Defendant-Appellee.

UNPUBLISHED
June 17, 2025
11:14 AM

No. 368385
Wayne Circuit Court
LC No. 21-009437-CD

Before: K. F. KELLY, P.J., and O'BRIEN and ACKERMAN, JJ.

PER CURIAM.

In this action brought under the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq.*, plaintiff appeals by right the trial court's order granting summary disposition in favor of defendant. We reverse and remand for further proceedings consistent with this opinion.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises out of defendant's decision to terminate plaintiff, which plaintiff claims was because of his race. Defendant is a carpentry company. In September 2020, defendant hired plaintiff to work as a carpenter. Upon applying for the position, plaintiff signed an "Independent Contractor Worksheet" that noted his status as an independent contractor.

Plaintiff, who is an African-American man, testified that he was subject to repeated instances of racism while working for defendant. Among these incidents, he alleged that his coworkers used racial slurs. On one occasion, plaintiff's coworker, Caleb Farrar, directed a racial slur at plaintiff, which led to an altercation between the two men. Plaintiff also testified that he found a wooden cutout of black male genitalia nailed above a garage he was working on. Plaintiff claimed he reported the discriminatory incidents to his supervisor, Nicholas Young, who worked as a foreman for defendant.

In November 2020, one of plaintiff's coworkers, Joshua Supardi, overdosed on drugs while at the jobsite. Farrar, who was with Supardi at the time, reported that plaintiff supplied the drugs; however, plaintiff denied any involvement with the incident. David McGee, a co-owner of the company, terminated plaintiff the same day. Plaintiff believed he was terminated because of his

-1-

complaints of race discrimination. Defendant, however, maintained that plaintiff was terminated because he was consistently tardy, previously engaged in violence on the jobsite, and refused to cooperate with the investigation concerning the overdose.

In August 2021, plaintiff filed a complaint raising race-based claims under ELCRA, including employment discrimination, a hostile work environment, and retaliation. As an alternative to his employment-discrimination claim, plaintiff also alleged a claim for discriminatory denial of a place of public accommodation. Defendant filed a motion for summary disposition under MCR 2.116(C)(8) and (10), arguing that plaintiff could not assert claims under ELCRA because he was not an employee of defendant, and that plaintiff's claims substantively failed.

Following a hearing on defendant's motion for summary disposition, the trial court applied the economic-reality test and found that defendant and plaintiff lacked an employer-employee relationship because plaintiff was an independent contractor. Therefore, plaintiff was not entitled to protection under ELCRA. The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(8), and declined to rule on plaintiff's substantive ELCRA claims. Plaintiff subsequently moved for reconsideration, which the trial court denied. Plaintiff now appeals the trial court's grant of summary disposition.

## II. STANDARDS OF REVIEW

We review a trial court's decision on a motion for summary disposition de novo. *Chisholm v State Police*, 347 Mich App 646, 651-652; 16 NW3d 563 (2023). "A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint. When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159-160; 934 NW2d 665 (2019) (citations omitted).

Although the trial court stated it was granting summary disposition under MCR 2.116(C)(8), it looked beyond the pleadings and based its decision on documentary evidence and deposition testimony that was not made part of the record until defendant filed its motion for summary disposition. Because the trial court looked beyond the pleadings when granting summary disposition, we treat the motion as though it were granted under MCR 2.116(C)(10). See *Corbin v Meemic Ins Co*, 340 Mich App 140, 144; 985 NW2d 217 (2022) ("Thus, even where a decision on a motion for summary disposition is premised on MCR 2.116(C)(8), when a court looks beyond the pleadings in granting the motion, we treat the motion as though it were granted under MCR 2.116(C)(10).").

"A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the claim and is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Chisholm*, 347 Mich App at 652. "A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds might disagree." *Id*. On review, we "consider the documentary evidence in the light most favorable to the nonmovant." *Id*.

## III. ANALYSIS

-2-

Plaintiff argues that the trial court erred by granting summary disposition of his ELCRA claims on the basis of his status as a nonemployee independent contractor. We agree.

The employment-discrimination provision of ELCRA, MCL 37.2202(1)(a), provides that an employer shall not "[f]ail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment" because of an individual's race. Interpreting this provision, the Michigan Supreme Court concluded that "to limit the availability of relief under [ELCRA] to those suits brought by an employee against his or her employer is not consistent with the statute." *McClements v Ford Motor Co*, 473 Mich 373, 386; 702 NW2d 166 (2005). The *McClements* Court then announced the following principles regarding employer liability under ELCRA:

> [A]n employer is liable under [ELCRA] when it utilizes a prohibited characteristic in order to adversely affect or control an individual's employment or potential employment. Thus, the key to liability under [ELCRA] is not simply the status of an individual as an "employee"; rather, liability is contingent upon the employer's affecting or controlling that individual's work status. Accordingly, an employer can be held liable under [ELCRA] for discriminatory acts against a nonemployee if the nonemployee can demonstrate that the employer affected or controlled a term, condition, or privilege of the nonemployee's employment. [*Id*. at 386-387.]

This Court recently reaffirmed the principle that "the plain language of the statute does not limit employment discrimination claims to employees." *City of Wayne v Miller*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364138); slip op at 5. The *Miller* Court confirmed that under *McClements*, an employment-discrimination claim under ELCRA is viable "irrespective of whether" an individual is an employee of a defendant, if the individual can demonstrate that the defendant "affected or controlled a condition of his [or her] employment." *Id*. at ___; slip op at 5.

Based on the holdings of *McClements* and *Miller*, plaintiff's employment status was not dispositive of his ability to bring an employment-discrimination claim against defendant. Rather, the appropriate inquiry is whether plaintiff "can establish that the defendant affected or controlled a term, condition, or privilege of [his] employment." *McClements*, 473 Mich at 389. See also *Miller*, ___ Mich App at ___; slip op at 5.

Here, the trial court concluded that "plaintiff was an independent contractor and, as an independent contractor, is not covered under [ELCRA]." In support of its conclusion, it noted that plaintiff signed an "Independent Contractor Worksheet" upon beginning work for defendant. Further, he was paid at an untaxed hourly rate and did not receive employment benefits. The trial court observed that plaintiff owned and worked part time at his own company, and brought his own tools to work. The court also asserted there was "very little testimony" that defendant had control over plaintiff's work performance, and "no testimony" that defendant had the right to discipline plaintiff.

The trial court's analysis regarding defendant's control fails to consider the evidence in the light most favorable to plaintiff. See *Chisholm*, 347 Mich App at 652. The record reflects that defendant hired plaintiff and paid him an hourly wage. Plaintiff was supervised by defendant's foremen, who told plaintiff what to do when he arrived at the jobsite. The foremen instructed

workers when to arrive and leave for jobs, assigned jobs to workers, and told them how to perform their jobs. They also had the authority to hire and fire workers.

In light of the foregoing evidence, the trial court erred by dismissing plaintiff's employment-discrimination claim based on its determination that plaintiff was a nonemployee independent contractor. Plaintiff's employment status was not dispositive of his ability to bring an ELCRA claim against defendant, and the record supports that defendant affected and controlled the conditions or privileges of plaintiff's employment. Namely, defendant hired and paid plaintiff. Defendant, through its agents, dictated plaintiff's job duties and the conditions of his work each time he arrived on the jobsite. Finally, defendant and its agents had the authority to hire and fire its workers, and ultimately terminated plaintiff. Accordingly, we conclude that plaintiff established "a genuine issue of material fact that [defendant] affected or controlled a term, condition, or privilege of [plaintiff's] employment . . . ." *McClements*, 473 Mich at 385. Therefore, the trial court erred when it determined that plaintiff could not bring an employment-discrimination claim under ELCRA.

Although the foregoing analysis establishes that the trial court erred with respect to plaintiff's employment-discrimination claim, plaintiff also separately alleged claims for retaliation, a hostile work environment, and discriminatory denial of a place of public accommodation. Because the trial court summarily dismissed all of plaintiff's claims based on his status as a nonemployee independent contractor, we must also analyze whether summary disposition of these additional ELCRA claims was proper.

With respect to plaintiff's retaliation claim, MCL 37.2701 provides that "[t]wo or more persons shall not conspire to, or a person shall not . . . [r]etaliate or discriminate against a person because the person has opposed a violation of this act . . . ." As this Court recently observed, "There is no language [in MCL 37.2701] that could conceivably be interpreted as limiting an action for retaliation under the [EL]CRA against only an employer. Rather, a retaliation claim can be maintained against a person or persons even if they are not the complainant's employer." *Miller*, ___ Mich App at ___; slip op at 7 (quotation marks and citations omitted; alterations in original). Accordingly, the trial court erred by dismissing plaintiff's ELCRA retaliation claim based on his nonemployee status.

This Court reasoned similarly with respect to hostile work environment claims. *Miller*, ___ Mich App at ___; slip op at 8. Regardless of whether a hostile work environment claim is independently actionable under ELCRA, to the extent that the allegations arise from a plaintiff's employment-discrimination or retaliation claims, dismissal on the basis of a plaintiff's employment status is erroneous. *Id*. at ___; slip op at 8. Here, plaintiff alleged that he was subject to a hostile work environment based on defendant's discriminatory conduct. Accordingly, the trial court also erred by dismissing plaintiff's hostile work environment claim based on his nonemployee status.

With respect to plaintiff's public-accommodation claim, MCL 37.2302 provides that "a person shall not . . . [d]eny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service" because of an individual's race. This statutory provision does not depend on a plaintiff's employment status. Rather, the public-accommodations provision "lists the rights *persons* cannot

-4-

deny *individuals* in places of public accommodation on the basis of a protected characteristic." *Haynes v Neshewat*, 477 Mich 29, 35; 729 NW2d 488 (2007) (emphasis added). Indeed, plaintiff's complaint explicitly notes that this count was only raised as an alternative in the event that plaintiff was found not to be defendant's employee.[1] Because plaintiff's employment status is not dispositive of his public-accommodation claim, the trial court also erred by granting summary disposition on this ground.

Defendant argues that we should nonetheless affirm the trial court's grant of summary disposition because plaintiff's substantive claims fail. However, the trial court explicitly refused to address plaintiff's substantive ELCRA claims, opting instead to summarily dismiss them on the basis of plaintiff's employment status. Accordingly, we decline to address these substantive issues in the first instance and remand for the trial court to consider them. See *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 210; 920 NW2d 148 (2018) (noting that this Court's review is generally limited to issues actually decided by the trial court); *Aguirre v Dep't of Corrections*, 307 Mich App 315, 326; 859 NW2d 267 (2014) (noting that this Court "need not address an issue that was not the basis of the trial court's decision").

Reversed and remanded for further proceedings consistent with this opinion. Plaintiff, as the prevailing party, may tax costs. MCR 7.219(A). We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Colleen A. O'Brien
/s/ Matthew S. Ackerman

---

[1] Although plaintiff frames his challenge to the trial court's ruling on count III as a due process violation, we decline to address the constitutional question where its resolution is unnecessary to the disposition of the case.